CHARLES E. ELLICOTT and FRANK ELLICOTT, trading as THE ELLICOTT MACHINE COMPANY OF BALTIMORE, and CHARLES E. ELLICOTT, Attorney *vs.* NEWTON C. SEARCH, WILLIAM G. SPEED, CHRISTOPHER C. SPEED, FLETCHER B. SPEED, trading as WILLIAM G. SPEED & Co., and others.

*Insolvency—Corporations—Construction of Act of 1888, ch. 383, Codified as Art. 47, sec. 15—Acts of Assembly—Art. 3, sec. 29, of the Constitution.*

Prior to the Act of 1888, ch. 383, (Code, Art. 47, sec. 15,) corporations were not amenable or subject in any way to the insolvent laws of this State, and it may well be questioned whether they come within the policy or spirit of the insolvent system.

The Act of 1888, ch. 383, entitled "An Act to provide for the payment of the wages and salaries due employés of insolvent employers," provides that "whenever any person or body corporate shall make an assignment for the benefit of his, her, or its creditors, or shall be adjudicated insolvent upon his, her, or its petition, or upon the petition of any creditor or creditors, or shall have his, her, or its property or estate taken possession of by a receiver, under a decree of a Court of equity, in the distribution of the property and estate of such person or body corporate, all moneys due and owing from such person or body corporate for wages or salaries * * * * shall first be paid in full out of such property or estate." HELD :

1st. That there is nothing either in the title or body of this Act to show that the Legislature meant to subject corporations to the insolvent laws.

2nd. That if the Legislature by said Act did mean, not only to provide for the payment of wages and salaries of clerks and employés, but also to add a new feature to the insolvent laws, and to provide for the voluntary and involuntary adjudication of corporations in insolvency, then the Act would embrace more than one subject, and be in direct conflict with the Constitution,

Ellicott Machine Co. *vs.* Speed & Co., *et al.*

(Art. 3, sec. 29,) which declares that "every law enacted by the General Assembly shall embrace but one subject, and that shall be described in its title."

APPEAL from the Court of Common Pleas.

On the petition of the appellees, it was ordered on the 17th of August, 1889, by the Court of Common Pleas, that a summons be issued against the Search Soap Company of Baltimore County, a body corporate, requiring it to appear and show cause why it should not be adjudicated an insolvent; and at the same time an order, in the nature of an injunction, was issued restraining the appellants and others from proceeding to enforce a mortgage made to them by said corporation less than four months prior to the filing of said petition. The appellants demurred to said petition, but the demurrer was overruled by the Court, (DUFFY, J.,) who certified that the question raised by the demurrer was as follows: "Do the insolvent laws of this State give to this Court jurisdiction to hear and determine a petition filed against a corporation, for the purpose of having it adjudicated an insolvent debtor, or do the insolvent laws apply to bodies corporate, or can they be made amenable to their provisions, or take advantage of them?" The demurrants appealed.

The cause was argued before ROBINSON, IRVING, BRYAN, FOWLER, and McSHERRY, J.

*Francis King Carey,* for the appellants.

No appearance for the appellees.

ROBINSON, J., delivered the opinion of the Court.

We cannot agree with the Court below, that the Legislature meant by the Act of 1888, chap. 383, codified as

sec. 15, Art. 47, of the Code, to subject corporations to the insolvent laws of this State. Prior to this Act, they were not, it is conceded, amenable or subject in any manner to such laws, and not being liable to imprisonment for debt, nor liable for the payment of debts beyond the corporate property itself, it may well be questioned whether they come within the policy or spirit of the insolvent system.

Now, what is the Act of 1888? Its title is, "An Act to provide for the payments of the wages and salaries due employés of insolvent employers." And then it goes on to provide: "Whenever any person or body corporate shall make an assignment for the benefit of his, her, or its creditors, or shall be adjudicated insolvent upon his, her, or its petition, or upon the petition of any creditor, or creditors, or shall have his, her, or its property or estate taken possession of by a receiver, under a decree of a Court of equity, in the distribution of the property of such person or body corporate, all moneys due and owing from such person or body corporate for wages or salaries * * * * shall first be paid in full out of such property or estate." Now there is nothing either in the title or the body of the Act to show that the Legislature meant to subject corporations to the insolvent laws. The object, and sole object, of the Act was to provide for the payment of wages and salaries in the cases enumerated. The framer of the law, no doubt, was under the impression that corporations were, under the then existing laws, subject to the provisions of the insolvent laws, and being under this impression, provision was made for the payment of such wages and salaries, in the event of their being adjudicated insolvent. We can hardly suppose the Legislature meant to bring them within the operation of the insolvent laws, without making provision of some kind as to the mode of procedure in such cases. Instead of

this, all the provisions of the insolvent law refer to natural persons, and such persons only. It is, "any person being insolvent may apply, by petition, * * * * and shall annex to his petition an affidavit that he will deliver up and convey to such trustee as may be appointed, all the property, * * * * the necessary wearing apparel and bedding of himself and family, and such property as may by law be exempt from execution, excepted."

It is the insolvent who shall appear at the meeting of creditors, and answer under oath such interrogatories as they may propose.

It is "any person who shall depart from, or remain absent from this State with intent to hinder, delay, or defraud his creditors." If corporations are brought within the provisions of the insolvent laws by the Act of 1888, by whom is the petition to be filed? Who is to appear and answer under oath interrogatories proposed by creditors? Or how can a corporation depart from or remain absent from the State, with intent, etc.?

And, besides all this, if the Legislature, by the Act in question, did mean not only to provide for the payment of wages and salaries of clerks and employés, but also to add a new feature to the insolvent laws, and to provide for the voluntary and involuntary adjudication of corporations in insolvency, then the Act would embrace more than one subject, and be in direct conflict with the Constitution, which declares: "That every law enacted by the General Assembly shall embrace but one subject, and that shall be described in its title." Sec. 29, Art 3, of the Constitution.

Courts of equity now have full power under the Code, to wind up and appoint receivers of insolvent corporations, and if the Legislature meant also to subject them to the operation of the insolvent laws, we must presume that it would have provided a mode of procedure alike

convenient to the corporations themselves and intelligible to their creditors.

*Order reversed, and*
*petition dismissed.*