PERRY J. LEWIS, Claimant, *vs.* D. K. ESTE FISHER
AND OTHERS.

*Wages of Clerks, Servants and Employees—Fees of an Attorney at
· Law.*

Code, Art. 47, sec. 15, provides that when any person or body cor-
porate makes an assignment for the benefit of creditors or is ad-
judged insolvent, or has its property taken by a receiver, all moneys
due for wages or salaries to clerks, servants or employees, contracted
not more than three months prior thereto, shall be paid in full. *Held,*
that an attorney at law employed by such person or body corporate
is not an employee within the meaning of the statute, and is there-
fore not entitled to claim priority for the payment of his fees for pro-
fessional services.

Appeal from a *pro forma* decree of the Circuit Court of
Baltimore City. The case is stated in the opinion of the
Court.

The cause was argued before ROBINSON, C. J., BRYAN,
McSHERRY, FOWLER, PAGE, ROBERTS and Boyd, JJ.

*Alexander H. Robertson* and *Henry Stockbridge, Jr.* (with
whom was *John T. Mason, R.*, on the brief), for the appel-
ant, cited: *6 Am. and Eng. Ency. Law 637; Bourier's and
Abbott's Law Dictionaries*, verb. "employee ;" *Watson* v.
*The Watson Mfg. Co.*, 30 N. J., Eq. 588 ; *Gurney* v. *A. &
G. W. Ry. Co.*, 58 N. Y., 358.

*Charles J. Bonaparte* (with whom was *William A. Fisher*
on the brief), for the appellees, cited: *Elliott Machine Co.* v.
*Speed Co.*, 72 Md. 24 ; *Rowe* v. *Yuba County*, 17 Cal. 61;
*Wayne County* v. *Waller*, 90 Pa. St. 99 ; *Vise* v. *Hamilton
County*, 19 Ill. 78 ; *Bacon* v. *Wayne County*, 1 Mich. 461;
*Lamont* v. *Solano County*, 49 Cal. 158 ; *Presby* v. *Kliekitat
County*, 31 Pacific Rep. 376 ; *Vane* v. *Newcombe*, 132 U. S.
237.

McSherry, J. delivered the opinion of the Court.

Section 15, of Article 47 of the Code provides in substance that when any person or body corporate shall make an assignment for the benefit of his or its creditors, or shall be adjudged insolvent, or shall have his or its property taken possession of by a receiver "all moneys due and owing from such person or body corporate, for wages or salaries to clerks, servants or employees, contracted not more than three months anterior to the execution of such assignment, adjudication of insolvency or appointment of a receiver shall first be paid in full out of such property or estate, etc." The appellant, who is an attorney at law, claims to be paid in full the fees due him by the American Casualty Insurance and Security Company, an insolvent corporation whose assets were placed in the hands of a receiver by a decree of the Circuit Court of Baltimore City, on November the twenty-third, 1893. Whether he comes within the statute just alluded to and is, therefore, entitled to a·priority in the payment of his claim, is the sole question raised by the pending appeal, and that the question is an exceedingly narrow one.

We have before us only the petition of the appellant, together with his itemized account verified by affidavit, and the answer of the receivers. From these it appears that the claim is made up of two charges for salary for the month of December, 1892, and the month of January, 1893, and nine other charges for services rendered and for retainers in particular cases. All of these items, except the last six, which aggregate the sum of nine hundred dollars, bear date more than three months prior to November twenty-third, 1893, and are, in consequence, under the statute, entitled to no priority. The six items with which we have to deal are not items for salary. Four of the six are for retainers in cases undisposed of, and the remaining two are for fees in cases previously tried. The statute has relation to *wages* or *salaries* due to *clerks, servants* or *employees.* The appellant was, confessedly, not a clerk of the insolvent company; and unless the sums he claims were *wages* or *salary*, and unless

he was when they were earned a *servant* or *employee* within the meaning and intent of the statute, he is not entitled to claim the benefit of the above provision of the Code.

We are not content to dispose of this question by adopting any of the varying definitions of the terms "Wages," "Servants" and "Employees," given in different lexicons, because there are well recognized rules of construction which ought to control in the judicial interpretation of the statute. If we look to the object which the Legislature had in view in adopting this particular act, and if we bear in mind the familiar doctrine that the signification of the words used is to be gathered therefrom, and also from their association and collocation, there would seem to be but little, if any, difficulty in disposing of this contention. Now, the title of the original Act which forms the section of the Code referred to in the beginning of this opinion is, "An act to provide for the payment of wages and salaries due employees of insolvent employers," and the obvious scope of the enactment is, in the language of Bacon, J., in *Coffin* v. *Reynolds*, 37 N. Y. 639, when discussing a somewhat similar provision of a New York Statute, "to protect the classes most appropriately described by the words used as those engaged in manual labor as distinguished from officers of the corporation or professional men engaged in its service ; in short to afford additional relief to a class who usually labor for small compensation, to whom the moderate pittance of their wages is an object of interest and necessity, and who are poorly qualified to take care of their own concerns or look sharply after their employer." "To the language of the Act must be applied the rule common in the construction of statutes, that when two or more words of analogous meaning are coupled together they are understood to be used in their cognate sense, express the same relations and give color and expression to each other." *Wakefield* v. *Fargo et al.*, 90 N. Y. 213. Or, as stated by Lord Bacon, "the coupling of the words together shews that they are to be understood in the same sense." *Bac.*

*Works,* vol. 4, p. 26; see, also, *Com.* v. *DeJardin,* 126 Mass. 46. The word "employee," though generally and ordinarily quite comprehensive, cannot, if regard be had to the principle just stated, be given a wider meaning than the cognate words "clerks" and "servants" with which it is associated, but must be restricted in its signification so as to include only persons who perform the same kind of service that is due from clerks or servants. "A statute which treats of persons of an inferior rank cannot by any general word be so extended as to embrace a superior; the class first mentioned is to be taken as the most comprehensive; *specialia generalibus derogant. Black Intro.,* sec. 3; *Sandiman* v. *Breach,* 7 B. & C. 96; *Reg.* v. *Cleworth,* 4 Best & S. 927; *Kitchen* v. *Shaw,* 6 A. & E. 729; *Branwell* v. *Pennock,* 7 B. & C. 536; *Williams* v. *Golding,* L. R. 1, C. P. 69; *Broom's Max.* 625; *Smith* v. *People,* 47 N. Y. 337, Allen J. 90 N. Y. *supra.*" Now, by no possible construction could an attorney at law be included under the term "clerk," and it is not unreasonable to suppose, looking to the subject-matter with which the legislature was dealing, and to the mischiefs it intended to remedy, that the word "servant" was used in the sense in which it was employed in the common law. "The first sort of servants acknowledged by the laws of England are *menial servants;* so called from being *intra moenia,* or domestics.    *    *    *    Another species of servants are called apprentices (from *apprendre,* to learn.) *    *    *    A third species of servants are *laborers,* who are only hired by the day or week, and do not live *intra moenia* as a part of the family.    *    *    *    There is yet a fourth species of servants, if they may be so called, being rather in a superior, a ministerial capacity, such as *stewards, factors, bailiffs*; whom, however, the law considers as servants *pro tempore* with regard to such of their acts as affect their master's or employer's property." *Black Com.* book 1, ch. 14. "Besides these four sorts of servants, may be mentioned (5) clerks and shopmen, who, however confi-

dentially they may be employed, are servants in the eye of
the law; (6) merchant seamen; * * * (7) persons work-
ing in mills and factories, or mines and colleries." *Broom
and Hadley Com.* book 1, ch. 14. Taking these, for the
reason suggested, to be the senses in which the legislature
used the term "servant," it is perfectly apparent that an at-
torney-at-law is not included; and as the more general word
"employee" must, by reason of its association and colloca-
tion with the two preceding words, be restricted to a
meaning synonymous with their meaning, it follows of
necessity that it cannot include a person of a higher grade
of service than the more limited terms embrace. If this be
so, as we think it is, then an attorney-at-law is not within
the statute.

This conclusion is supported by many adjudications con-
struing statutes of a kindred character. Thus in *Gordon* v.
*Jennings*, L. R., 9 Q. B. D. 45, it was held under 33 and
34 Vict., ch. 30, which prohibited the attachment of the
wages of any servant, laborer or workman, that a *secretary*
who was paid an annual salary in quarterly instalments was
not included. And in *Aiken, administrator,* v. *Wasson*, 24
N. Y, 482, it was decided that under section 10 of the Gen-
eral Railroad Act of 1850, which made stockholders liable
for all debts due or owing to any of the company's laborers
and servants for services performed for it, a contractor to
build a part of the road was not embraced. In *Coffin* v.
*Reynolds*, 37 N. Y. 639, a secretary was held not to be in-
cluded under the terms laborers, servants and apprentices.
In *Wakefield* v. *Fargo et al.*, 90 N. Y. 213, a bookkeeper
and general manager was held not within the same words.
In *People* v. *Remington*, 109 N. Y. 631, by affirming the
lower court it was held that a superintendent at an annual
salary, an *attorney-at-law* and salesmen on salaries and com-
mission are not entitled to preference under the statute.
In *Todd* v. *Kentucky Union R. Co.*, 52 Fed. Rep. 241, con-
tractors were held not to be employees. The same case
with very full notes in 18 L. R. A. 305.

But there is another ground upon which the decree appealed from must be affirmed. We have said that the items claimed as due and earned within three months prior to the appointment of the receivers are charges for special services, and in no sense for wages or salary at all. Obviously for such fees, even under the widest construction that might be given to the word employee, a priority could not be claimed. Thus in the recent case of *L. E. St. L. R. R. Co.* v. *Wilson*, 138 U. S. 501, it appeared that a receiver of the railway was appointed: That the order of appointment provided, "It is further ordered, adjudged and decreed that the said receiver, out of the income that shall come into his hands from the operation of the said railway or otherwise, do proceed to pay all just claims and accounts for labor, material, supplies, salaries of officers and wages of employees that may have been earned or furnished within six months prior to January 1st, 1885." Mr. Wilson claimed to be paid for services rendered by him as attorney. In disposing of his claim, the Supreme Court said: "With respect to the provision in the order of appointment, he claims to come under the descriptive words therein used, 'wages of employees.' * * * On the meaning of the words, 'wages of employees,' he cites the case of *Gurney* v. *Atlantic and G. W. R. Co.*, 58 N. Y. 358, in which an order directing the receiver of a railway company, thereby appointed, to pay debts owing to the laborers and employees for labor and services, was held broad enough to include a debt due to Hon. Jeremiah S. Black for professional services as counsel. Without criticising that decision, or noticing the special circumstances which seemed in the judgment of that Court to justify the inclusion of professional services within the descriptive words of the appointment, we are of the opinion that the term 'wages of employees,' as used in the order now under consideration, does not include the services of counsel employed for special purposes. *Vane* v. *Newcombe*, 132 U. S., 220. The terms 'officers' and 'employees,' both, alike, refer to those in regular and continual service. With-

in the ordinary acceptation of the terms, one who is engaged to render service in a particular transaction is neither an officer nor an employee. They imply continuity of service, and exclude those employed for a special and single transaction. An attorney of an individual, retained for a single suit, is not his employee. It is true he has engaged to render services; but his engagement is rather that of a contractor than that of employee. The services of the appellee, therefore, did not come within the order appointing the receiver." It will be seen from the above extract that the Supreme Court declined to follow the case of *Gurney* in 58 N. Y. We may observe with regard to *Gurney's* case that it was decided by but four of the seven judges who sat, the other three having dissented; and that it apparently ignores, in construing the word "employee,"" the principle to which we have already alluded, and which Lord Hale concisely expressed in the phrase *noscitur a sociis*, or as applied in that case, that the coupling together of the words "laborers" and "employees" in the order then under consideration, indicated that the term employee, as there used, was designed to have no broader meaning than its conjoined and associated term laborer.

By a *pro forma* decree the Circuit Court of Baltimore City adjudged that the appellant was "neither a clerk, servant or employee of the American Casualty Insurance and Security Company of Baltimore, within the meaning of section 15 of Article 47 of the Code," and that he was not entitled to any priority of payment for any portion of his claim. For the reasons we have assigned we are of opinion that this decree is right and we shall accordingly affirm it.

*Decree affirmed with costs above and below.*

(Decided November 23d, 1894.)