## N. HESS & BROTHER *vs.* CLARENCE E. JEWELL
### AND OTHERS.

*Preference in Payment of Wages Due to Employees of Insolvent Debtors.*

Code, Art. 47, sec. 15, provides that when a party makes an assignment for the benefit of creditors, or is adjudicated insolvent, &c., claims for wages due employees contracted not more than three months before the execution of the deed shall be entitled to priority in the distribution of the assets over all claims, except liens recorded three months before such assignment. A debtor made an assignment for the benefit of his creditors. Eight days before the assignment a judgment was obtained against him and execution issued and levied upon certain property. The day after the execution of the deed a distraint for rent was issued and levied. The property was sold by the trustee named in the deed, under an agreement reserving the question of priorities. *Held*, that the wages due to the employees of the assignor were entitled to priority of payment over both the claim for rent and the judgment.

Appeal from an order of the Circuit Court of Baltimore City (DENNIS, J.), by which it was adjudged that in the distribution of the assets, under the deed of trust in this case, the claim of Kennedy, a judgment creditor, should first be paid in full, and the balance distributed among the employees of the grantor, and that the claim of Hess & Brother for rent was not entitled to priority.

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, BRISCOE, PAGE, ROBERTS, BOYD and RUSSUM, JJ.

*Lewis Putzel* (with whom was *Hugo Steiner* on the brief), for the appellant.

The cause was submitted for the appellees.

ROBERTS, J., delivered the opinion of the Court.

This appeal is from an order of the Circuit Court of Baltimore City sustaining certain exceptions to the auditor's account distributing the assets of the estate of C. L. Gwinn & Company, who on the 5th of September, 1895, executed to Ferdinand C. Dugan a deed of trust for the benefit of its creditors. The appellants, at the date of said deed, were the lessors of the premises occupied by said company, which was indebted to the appellants in the sum of $314.37 for rent in arrears and unpaid. On the day after the execution of said deed the appellants issued a distress warrant to satisfy the rent in arrears, and caused the same to be levied upon sufficient property of said company then remaining upon the demised premises to pay their claim for rent and the costs of the distress. On August 28th, 1895, the James Robertson Manufacturing Company obtained a judgment against the said Gwinn & Company, which was assigned to Patrick Kennedy. On the day of the entry of the judgment execution was issued thereon and laid in the hands of the sheriff, who, on the same day, seized the property, which was subsequently conveyed by said deed to said Dugan, trustee. The Court below did not assume jurisdiction of the trust until the 7th of September, 1895, the second day after the execution of said deed, and the day after said distress had been levied and eight days after the sheriff had levied on said property. On the 17th of January, 1896, certain employees of said Gwinn & Company filed their petition in the Court below, claiming they were under the provisions of sec. 15 of Article 47 of Code, entitled in the distribution of the property and estate of said company to have their claims for "wages contracted not more than three months anterior to the execution of the deed of assignment" paid first in full out of such property, after payment of all proper costs, expenses, &c. The deed of assignment by its express terms makes the same provision for employees and servants as that contained in section 15 of Article 47 of the Code. The auditor in stating his

account has allowed to the appellants the full amount of their claim for rent, and the balance remaining he has distributed ratably among said several employees of said Gwinn & Company. Kennedy, the assignee of said judgment, and certain of said employees having filed exceptions to the ratification of the account of the auditor, the Court below sustained the same and ordered that the several claims for wages, &c., under sec. 15, Art. 47, of the Code, are a preferred claim to all other claims filed, except the judgment lien of said Kennedy, under his execution and levy, which is directed to be paid in full, and further that the claim of the appellants for rent in arrear be disallowed. So that the only questions arising on this appeal relate solely to the respective legal priorities of the several claims hereinbefore mentioned. It appears from the record that the day after the distress was levied it was agreed between the appellants and Dugan, trustee, that if they should establish their right to distrain, he, the trustee, would pay their claim due for rent and costs of the distress without further prosecution of the distraint proceedings. The record also shows that Kennedy, after he had issued execution on his judgment, and caused the sheriff to levy as aforesaid, agreed with Dugan, trustee, that he should sell all the property seized by the sheriff under said execution, reserving, however, a lien under said levy against the proceeds of sale in the hands of the trustee.

Section 15 of Article 47 of the Code provides, " that wages, &c., contracted more than three months anterior to the execution of an assignment, are first to be paid in full out of such property or estate after payment of the proper and legitimate costs, expenses, taxes and commissions, and are preferred to *all claims* against the property and estate of such insolvent person or body corporate, except the lien claims of such persons as shall hold liens upon said property or estate recorded at least *three* months prior to such assignment, adjudication or decree." This Court has on more than one occasion been called upon to construe the

legal effect proper to be given to the language of this sec-
tion of the Code, as applicable in the distribution of the
assets of an insolvent estate, whether the same proceeds
from an assignment for the benefit of creditors, an adjudi-
cation of insolvency, or from an estate taken possession of
by a receiver under a decree of a Court of Equity.   In the
*Casualty Ins. Company's case*, 82 Md. 565, McSHERRY,
C. J., delivering the opinion of this Court, said :   " The ob-
ject of the statute (Act of 1888, ch. 383, codified as sec.
15, Art. 47 of Code,) was to provide for the payment of
the wages and salaries due a certain class of persons to
whom such wages or salaries were deemed always neces-
sary for their support and maintenance." * * " The Act
was designed to create a preference in behalf of certain
creditors in the distribution of an insolvent's assets, and to
that extent it disturbs and destroys the equality amongst all
the creditors, which equality it was the obvious if not de-
clared policy of the insolvent system to promote and pre-
serve.   *Lewis* v. *Fisher*, 80 Md. 139."

The appellants insist that notwithstanding the Act of
1888, ch. 383, they are entitled to priority in the payment
of their claim for rent, and urge that although the Act in
question was passed in 1888, yet no attempt has ever been
made to place such a construction upon its provisions as
that contended for by said employees, who are appellees
here.  · The mere fact, if true, that the Act has remained
dormant for a number of years detracts nothing from its
true meaning and effect.   The Act has, however, been be-
fore this Court upon three different occasions, in 72 Md.
24 ; 80 Md. 139 ; 82 Md. 565, and the same construction
as to the priority of the claims for wages of employees in
the distribution of the assets of insolvents' estates, has been
adhered to.   We find nothing in the record of this appeal
which tends, in any respect, to suggest the adoption of a
rule of construction different from that which has been an-
nounced in the cases cited, and we think that the meaning
of the Act of 1888 is free of doubt or uncertainty.   The

several preferred claims for wages due and payable, at the date of said deed, amounted to the sum of $671.94. The auditor's account shows the amount realized by the trustee from the sale of the property of said company to be the sum of $541.25·; and the amount realized from collections made for account of the trust estate the sum of $121.65, making the total amount of assets belonging to the trust estate the sum of $662.90. There should be deducted from this sum the commissions, costs and expenses, and rent of the premises for the month occupied by the trustee, aggregating the sum of $238.11. Deducting this sum from the total amount of assets leaves a balance of $424.79, which fails to pay in full the claims for wages, and must, therefore, be divided ratably among the several employees of said company, according to their respective claims. This view disposes of the only question on this appeal necessary for us to decide.

It is not essential in the determination of this appeal that we pass upon the other questions in the record, as the employees are the only parties to the controversy who for the reasons stated are entitled to participate in the distribution of the trust fund. It results from what we have said that the order of the Court below must be reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

> *Order reversed with costs and cause remanded for further proceedings.*