# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed September 29, 1897.

EX PARTE TRUST ESTATE OF W. B. TILGHMAN & CO.—IN THE MATTER OF THE PETITION OF FRANK P. McGINNIS.

*William D. Poultney* and *A. J. Robinson* for petitioner.

*Richard S. Culbreth* for trustee.

STOCKBRIDGE, J.—

Frank P. McGinnis, the petitioner, was employed as a travelling salesman for the firm of William B. Tilghman & Co. upon a salary. That firm having executed an assignment for the benefit of its creditors, this petition is filed to have the claim of the petitioner for his unpaid salary for the ninety days prior to the assignment established as a preferred claim under the statute (Code, Art. 47, Sec. 15), which makes the wages of clerks, servants and employees for that period, before an adjudication of insolvency, an assignment for the benefit of creditors, or the appointment of a receiver, preferred to all claims except the expenses of the conduct of the insolvent estate and the taxes due from the insolvent.

The sole question of law presented by the petition of Mr. McGinnis and the answer of the trustee is whether a travelling salesman for a commercial house is a clerk, servant or employee, within the intent of the statute.

And in the first place it is to be noted that in construing statutes of this character Courts are at this time disposed to give a strict construction of the language employed in the act?

Lewis vs. Fisher, 80 Md. 142.

Cook on Stock and Stockholders, Sec. 215, and cases there cited.

Indeed, statutes analogous to this are now much more strictly construed than was formerly the case, and in New York the later decisions have completely overruled the earlier adjudications construing the similar statute in that State.

In our own State the word "employee" has been given a construction in the case of Lewis vs. Fisher (supra), when the Court says that the word "employee" must be restricted in its signification, so as to include only persons who perform the same kind of service that is due from clerks and servants. The tenor of the opinion in that case being to the effect that the three words employed in our statute, are to be regarded as synonymous with one another, not as embracing different classes.

Having thus defined the term "employee" the Court of Appeals has taken another step and in the Casualty Insurance Company case, 82 Md. 567, given a definition of a clerk as a "person rendering mere clerical service." If then we accept the term "servant" as signifying not merely the domestic servitor, but in its signification as adopted and recognized in law in the relation of master and servant, the construction which seems to have been uniformly given it in all adjudications, we have in it a term sufficiently comprehensive to embrace one who "renders mere clerical service" and the interchangeability or identity in meaning of all three of the terms used in our statute etablished.

In the popular acceptation of language, one who sells ribbon behind a counter, for his employer, by the yard, is a clerk, and it is at first sight difficult to see any difference in principle between such a one and one who sells the same ribbon by the piece for an employer away from the store. It is

probably true that such a distinction is purely artificial, yet the condition which statutes of this character create is an artificial one, and there has been much difficulty in determining who are to be classed as clerks or servants; but since Courts are not inclined to give a broad application to the words of such statutes the setting up of certain apparently arbitrary limits has resulted as a necessity. Hence it is that traveling salesmen have been held not to be clerks or servants in Minnesota (Wildner vs. Ferguson, 42 Minn. 112), in Michigan (Jones vs. Avery, 50 Mich. 326), in Illinois (Epps vs. Epps, 17 Ill. App. 196), and now in New York (Wakefield vs. Fargo, 99 N. Y. 213). While the contrary view has been adopted in Tennessee (Hand vs. Cole, 88 Tenn. 400), and in a case in Louisiana (Brierre vs. Their Creditors, 423), where a travelling salesman whose compensation was a share of the profits was held not to be a clerk, *semble*, that he would be so regarded where his compensation was a fixed salary.

The basis of the view thus held in the larger number of the States is thus laid down in the case of Wakefield vs. Fargo (supra). "To be entitled to come within the class to which a priority is allowed he must be of a class whose members usually look to the reward of a day's labor or service for immediate or present support, from whom the company does not expect credit, and to whom its future liability is of no consequence; *and who is responsible for no independent action*, but who does a day's work or stated job under the direction of a superior." When we bear in mind this element of the irresponsibility of action, and couple with it the language of our own Court of Appeals that any higher degree of service than *"mere clerical service"* removes the individual from the class of those for whose benefit the statute was intended, the conclusion can not be avoided that in the present tendency of the law, and especially in our own State, one whose duties were those of a travelling salesman, such as the petitioner in this case, is not within the class for whose benefit the Act giving a priority to the wages of clerks, servants and employees was intended.

The petition will therefore be dismissed and the petitioner relegated to his rights as a general creditor.