## LATTA v. LONSDALE et al.

(Circuit Court of Appeals, Eighth Circuit.   April 4, 1901.)

No. 1,419.

CORPORATIONS—INSOLVENCY—PREFERENCES—LABORERS AND EMPLOYES—ATTORNEY'S SALARY.

Under Sand. & H. Dig. Ark. §§ 1425, 1426, providing that no preferences shall be allowed among creditors of insolvent corporations except for wages and salaries of laborers and employes, and that on application by creditors the court shall take charge of the assets of an insolvent corporation, and make equal distribution among creditors after paying salaries due laborers and employes, an attorney employed by a railroad company on a yearly salary, payable monthly, was not entitled to a preference for salary due.

Appeal from the Circuit Court of the United States for the Eastern District of Arkansas.

George G. Latta and Thomas A. Warren, for appellant.

S. R. Cockrill and Ashley Cockrill, for appellees.

Before CALDWELL and SANBORN, Circuit Judges, and ADAMS, District Judge.

CALDWELL, Circuit Judge.   In an equity suit in which Johnson and Hansen were complainants, and the Little Rock, Hot Springs & Texas Railroad Company, an Arkansas corporation, was defendant, a receiver was appointed to wind up the affairs of the railroad company, which was insolvent.   G. G. Latta, the appellant, intervened, asserting a claim against the railroad company for $4,705.25, and interest, for salary due him as an attorney for the corporation prior to the appointment of the receiver.   The court allowed the claim, but refused to give it preference over the secured debts of the company.   The court's refusal to give preference to the appellant's claim raises the only question involved.   The appellant bases his claim to a preference solely on sections 1425 and 1426 of Sandels & Hill's Digest of the Statutes of Arkansas, which read as follows:

"Sec. 1425. No preference shall be allowed among the creditors of insolvent corporations, except for the wages and salaries of laborers and employees.

"Sec. 1426. Any creditor or stockholder of any insolvent corporation may institute proceedings in the chancery court for the winding up of the affairs of such corporations, and upon such application the court shall take charge of all the assets of such corporation and distribute them equally among the creditors after paying the wages and salaries due laborers and employees."

A lawyer employed by a railroad company on a yearly salary, payable monthly, is not a laborer or employé, within the meaning of the sections quoted.   Cent. Dict. tit. "Wage"; Lewis v. Fisher, 80 Md. 139, 30 Atl. 608; Casualty Ins. Co.'s Case, 82 Md. 538, 566, 34 Atl. 778; Bristor v. Smith, 158 N. Y. 157, 53 N. E. 42; In re Stryker, 158 N. Y. 526, 530, 53 N. E. 525; Bristor v. Kretz, 49 N. Y. Supp. 404; Vane v. Newcombe, 132 U. S. 220, 237, 10 Sup. Ct. 60, 33 L. Ed. 310; Railroad Co. v. Wilson, 138 U. S. 501, 505, 11 Sup. Ct. 405, 34 L. Ed. 1023; 3 Thomp. Corp. § 3145.   It is very generally believed that corporation lawyers have the opportunity, and

are quite able and capable, of taking care of themselves when their clients fail, and statutes of the character quoted are not enacted in their interest, but for the protection of wage earners proper, who are laymen, and who have neither the position nor the opportunity nor the capacity to obtain payment or security for their services which the lawyer of the corporation has. The decree of the circuit court is affirmed.