### In re WESTERN CONDENSED MILK CO.*

#### WILSON v. BENHAM et al.

(Circuit Court of Appeals, Ninth Circuit. October 27, 1919.)

#### No. 3356.

BANKRUPTCY ⬤⟿350—PRIORITIES; GIVEN PREFERENCE UNDER STATE STATUTES.
   Claims of laborers, filed and allowed as preferred debts by a state court under L. O. L. § 7435, against a corporation under receivership, *held* entitled to priority on the subsequent bankruptcy of the corporation by virtue of Bankruptcy Act July 1, 1898, § 64b, cl. 5 (Comp. St. § 9648), as debts given priority by the laws of the state, although the services were rendered more than three months prior to the bankruptcy.

Petition for Revision of Proceedings of the District Court of the United States for the District of Oregon; Robert S. Bean, Judge.

In the matter of the Western Condensed Milk Company, bankrupt. On petition of James G. Wilson, trustee, to revise an order allowing claims of A. J. Benham and others as preferred debts. Affirmed.

George B. Guthrie, of Portland, Or., for petitioner.
O. A. Neal, of Portland, Or., for respondent.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

---

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Certiorari denied 251 U. S. —, 40 Sup. Ct. 219, 64 L. Ed. —.

HUNT, Circuit Judge. Petition for the revision of an order of the District Court made under the provisions of section 24b of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 553 [Comp. St. § 9608]). The facts are as follows:

More than 90 days before the adjudication in bankruptcy the affairs of the bankrupt milk company, a corporation, were in the hands of a receiver appointed by a state court in Oregon in a suit pending in the state court. In that proceeding Benham, respondent herein, and others who were labor claimants, within the time allowed by the statute of the state, filed their several claims for priority of payment for their labor and services rendered to the bankrupt corporation within 90 days immediately preceding the appointment of the receiver. No objection was made, and the claims were approved by the state court pursuant to the provisions of section 7435 of the laws of Oregon. That section, so far as material, provides that, when the business or property of a corporation shall be placed in the hands of a receiver, then the debts owing to laborers or employés which have accrued by reason of their labor or employment to an amount not exceeding $100 to each employé, for work or labor performed within 90 days next preceding the seizure or transfer or assignment of such property, shall be considered and treated as preferred debts, and such laborers or employés shall be considered and treated as preferred creditors and shall first be paid in full, but if there be not sufficient to pay them in full, then the same shall be paid pro rata after paying costs.

On July 26, 1918, the corporation was adjudged a bankrupt in the United States Court in Oregon and Wilson was duly appointed trustee.

Section 64b of the Bankruptcy Act (Comp. St. § 9648) provides that:

"Debts to have priority, except as herein provided, and to be paid in full out of the bankrupt estates, and the order of payment shall be * * * (4) wages due to workmen, clerks, traveling or city salesmen or servants which have been earned within three months before the date of the commencement of proceedings, not to exceed three hundred dollars to each claimant; and (5) debts owing to any person who, by the laws of the states or the United States, is entitled to priority."

After bankruptcy proceedings were instituted, the trustee objected to paying him, on the ground that Benham was not entitled to preference, because the labor which he had performed had not been done within 90 days prior to the commencement of the proceedings in bankruptcy. The referee in bankruptcy ruled against Benham's claim of preference. Upon petition to review, the District Court reversed the order of the referee and sustained the claim of Benham. By stipulation it is agreed that there are claims of certain other creditors involving issues like those presented by the claim of Benham.

The labor claimants interested in the present proceeding having filed their claims as required by the statute of Oregon (section 7435, Lord's Oregon Laws) with the receiver appointed by the state court and within the time required, their claims were properly allowed by the circuit court of the state, and under section 7437 of the Oregon statutes the claimants were entitled to priority of payment over other creditors. The section just cited expressly provides that no attachment or execution shall be discharged, and no seizure or sale of prop-

erty seized shall be abandoned, and no assignee or receiver shall be discharged until every claimant presenting his claim under the act of which section 7437 is part shall have been paid in full or pro rata as provided in the Act, or shall have consented to discharge or abandonment.

The claimants, therefore, having held claims which were entitled to priority of payment under the laws of Oregon, should the federal court deny their claims to such priority because, after a period of more than 90 days had elapsed from the time the labor claimants had performed the work or labor for which they filed their claims with the receiver appointed by the state court, the corporation was adjudged a bankrupt under the Bankrupt Act? The cases are not of one accord upon the point. In the Matter of Bennett, 153 Fed. 673, 82 C. C. A. 531, the Court of Appeals for the Sixth Circuit considered whether the claims of appellees, who were materialmen, against a bankrupt estate, were entitled to priority under section 64b (5) of the Bankruptcy Act. The claims were held to be entitled to priority under the statutes of Kentucky. The court, through Judge Lurton, said:

"If under section 2487, Ky. St. 1903, a priority is accorded to claims of creditors of such companies as the bankrupt corporation for materials and supplies furnished to carry on the business of the bankrupt, is that right of priority lost by reason of the operation of the bankrupt law? It is not a question as to whether the bankrupt law is a law superior within its field to a state law in the same field, but a question whether a priority given is preserved by the bankrupt law. This is answered by section 64b (5) of the Bankruptcy Act. That provides that 'debts owing to any person who by the laws of the state or of the United States is entitled to priority' shall be entitled to priority in the distribution of the bankrupt's general estate. * * * It is idle to consider whether a state law can of its own force determine priority under a national bankrupt law. No such contention is made or could be sustained. But it is another thing when the national bankrupt law prescribes that effect shall be given to state laws which do give priority to certain debts. Congress might have dictated a single and uniform rule of distribution. If it had, that would have been the absolute law, notwithstanding state laws prescribing a different rule. But Congress has elected to prescribe as one rule of distribution that debts entitled to priority under any state law or law of the United States shall be accorded a like priority in the distribution of a bankrupt's estate. The law which we administer is thus the national bankrupt law; that is, the preference in bankruptcy, thus accorded, is a preference prescribed by the bankrupt law which for this purpose adopts the law of the state as the applicable federal law. This is the view which has been taken by many careful judges and accords with our own view."

In Globe Bank v. Martin, 236 U. S. 288, 35 Sup. Ct. 377, 59 L. Ed. 583, the Supreme Court referred approvingly to the opinion of Judge Lurton in Re Bennett, and to the opinion of Judge Day in Re Laird, 109 Fed. 550, 48 C. C. A. 538, as recognizing that the purpose of Congress in passing section 64b was to maintain statutory liens and preferences in appropriate cases in the distribution of the bankrupt's estate.

The Laird Case, supra, was quite like the one at bar. Certain labor claimants filed their claims for labor performed for the bankrupt company within three months preceding the appointment of a receiver in the state court. Thereafter the company was adjudicated a bankrupt in the federal court. Laird filed his claim in bankruptcy as a

preferred claim after the expiration of three months subsequent to the time of the performance of the labor. Objections were based upon the ground that he was not a preferred creditor under the provisions of the Bankruptcy Act. The United States District Court held that the labor claims were not preferred, but the Court of Appeals reversed the ruling of the District Court, and after construing the statute of Ohio, which gave to the laborers a lien upon the real property of their employers for their labor, discussed the effect of the petition in bankruptcy, and held that upon the facts disclosed a lien was created under the state statute in favor of the labor claimants which was not divested by the proceeding in bankruptcy, and that the lien should be recognized and enforced in the bankruptcy court and that where the lien attached before the fund was turned over to the bankruptcy court and was one not avoided by the Bankruptcy Act, it would be respected although it might have arisen under a state statute.

Falconio v. Larsen, 31 Or. 144, 48 Pac. 703, 37 L. R. A. 254, is cited by the appellant as holding that under the statute of Oregon no lien is given upon the property itself, but that the creditor is merely given the status of a preferred creditor. The question before the court there was the right to assign a labor claim and whether the assignee could maintain an action in his own name on a claim which had been objected to. It was in the discussion of this question that the Supreme Court of the state said that the enactment did not create a lien, but invested the laborer with the rights and privileges incident to the relation of preferred creditor and directs the order of his payment out of a fund which is already in the custody of the law, for the purpose of administration in subordination to its rules and regulations. We do not regard the case as in conflict with the doctrine of the federal cases which we have cited.

Our conclusion is that the just construction of the Bankruptcy Act is that Congress, by adding to section 64b, clause 5, protected priorities recognized under the laws of the state, as well as those recognized under the laws of the United States, and, as Judge Lurton, for the Court of Appeals in the Bennett Case, said, referring to section 64b clause 5, of the Bankruptcy Act:

"That provides that 'debts owing to any person who by the laws of the state or of the United States is entitled to priority' shall be entitled to priority in the distribution of a bankrupt's general estate."

The order under review is affirmed.