**In re RELIABLE FURNITURE MFG. CO.**

District Court, D. Maryland.  May 6, 1929.

No. 5306.

G. W. S. Musgrave and Musgrave, Bowling & Hessey, all of Baltimore, Md., for trustee.

G. C. A. Anderson and Keech, Deming & Carman, all of Baltimore, Md., for wage claimants.

WILLIAM C. COLEMAN, District Judge. The question here presented is the same as that which was decided by this court in Rodgers & Garrett Timber Co., 22 F.(2d) 571, and the court sees no reason for departing from that decision. Accordingly, the petition filed by the committee representing the various wage claimants must be granted. It is clear, from an examination of the method of accounting used by the bankrupt company with respect to the wages due the various claimants, that in each case the payments made during the three-months period immediately prior to the filing of the petition in bankruptcy were credited back against the total indebtedness due each claimant, and not against his accrued wages for the current period; that is to say, none of the amounts paid claimants between November 6th and February 6th was credited against their wages earned for that period. This method, which appears to have been adopted by express direction of the company's president, was followed in good faith and was entirely proper under the circumstances. Where there is a running account, payments may be applied to extinguish debts according to priority of time, so that the credits become payments pro tanto of the debts antecedently due. Jones v. United States, 7 How. 681, 12 L. Ed. 870.

The only distinction between the present case and the timber company case is that in the latter priority was claimed under a local law for Garrett county, Maryland, whereas in the present case priority is claimed by virtue of a general law with kindred provisions (Code Md. art. 47, § 15), which provides that, when any person or corporation makes an assignment for the benefit of creditors, or is adjudged insolvent, or has his or its property taken by a receiver, all moneys due to wage-earners contracted not more than three months prior thereto shall be paid in full. See Hess v. Jewell, 85 Md. 235, 36 A. 758. The Garrett county local law was also without limitation as to the maximum amount of wages accorded priority, but differs from the general law in that no limitation is placed upon the time within which the wages shall have been contracted in order to become preferred.

In the timber company case, this court decided (1) that, since the Bankruptcy Act controls state laws in cases of conflict, the extent of the lien given by the local law was limited in amount to $600, provided by section 64b (5) of the act (11 USCA § 104), this section in turn prevailing, as to labor claims, over section 64b (7) of the act, which

recognizes priorities in general, accorded by state or federal laws; and (2) that the words "within three months before the date of the commencement of the proceeding," as used in section 64b (5), should be given a liberal construction to the extent of recognizing, not merely wages earned within three months of the date of filing of the petition in bankruptcy or the date of adjudication, but those earned within three months of the time when receivership proceedings may have been commenced in the state court which ultimately resulted in bankruptcy.

The obvious purpose of section 64b (7) is to preserve to all creditors such preferred status as they might have, independently of the bankruptcy proceedings. If this be true, courts should be loath to narrow down the preferred position of that special class of creditors, namely, wage-earners, which the Bankruptcy Act so jealously protects, unless the same is required by clear and explicit language. The language of section 64b (5) is explicit with respect to limitation of amount, but we are not justified in saying, merely because the application of the section is further limited to wages earned "within three months before the date of the commencement of the proceeding," that this can only mean three months prior to the filing of the petition in bankruptcy, in the face of the fact that the state law expressly provides that the preferred period shall be three months before receivership, since receivership, in so far as the wage-earner is concerned, is as a practical matter tantamount to bankruptcy, which, as in the present case, results from the receivership before the wage-earner has been paid. As we have just seen, the very object of the Bankruptcy Act is to *preserve* his preferred status. The construction contended for by the Trustee would completely *destroy* that preferred status. The wage claimants assert that, assuming this construction to be logical, they are content to rely upon the broad, unlimited phraseology of section 64b (7). While there is some force in this argument, for the reasons stated we consider that section 64b (5) not only governs, but is reasonably capable of such construction as will equally preserve claimants' priority.

The court has been referred to many cases, but a careful analysis of all of these cases discloses that in only three of them was the precise question raised which is now before us. Two of these cases were decided by the Circuit Court of Appeals for the Sixth Circuit, In re Laird, 109 F. 550, and Emerson v. Castor, 236 F. 29, and the third case was decided by the appellate court for the Ninth Circuit, In re Western Condensed Milk Co., 261 F. 62. In the first two of these cases a statute of Ohio was involved similar to the Maryland law recognizing wages earned within three months prior to receivership. Neither of these cases is authority for the proposition, believed to be entirely sound, that section 64b (5) is controlling with respect to the amount of the allowable preference. They are, nevertheless, in accord with the second proposition, laid down in the timber company case and here reaffirmed, that the three-months period is to be given a liberal construction and allowed to relate to receivership rather than to the filing of the petition in bankruptcy. The Oregon statute involved in the third case above referred to, namely, In re Western Condensed Milk Co., was similar to the Ohio statute, and the court's decision was to the same effect on this precise point. This case was carried to the Supreme Court, and, although a denial of a writ of certiorari is not equivalent to an affirmance on the merits, nevertheless, it is pertinent to point out that the writ in this case was denied.

Since, as above explained, the aforegoing three cases are the only ones in which this precise question has been adjudicated and with respect to it they are in accord, it is scarcely accurate to say, as has been contended or implied by counsel for the trustee in the present case, that the authorities are in a state of discord.

It is further urged that the conclusion here reached is unsound, if for no other reason than that it does violence to the language of section 1, subsec. 10 of the act (11 USCA § 1 [10]), which provides that "* * * 'commencement of proceedings,' * * * with reference to time, shall mean the date when the petition was filed." It is to be noted, however, that section 1, which is devoted entirely to defining words and phrases used in the Bankruptcy Act, commences with the proviso, "the words and phrases used in this title and in proceedings pursuant thereto shall, *unless the same be inconsistent with the context,* be construed as follows: * * *" (Italics inserted.) From what has just been said, to adopt in cases of this kind, the restricted definition of section 1, subsec. 10, above quoted, would result in a construction "inconsistent with the context" of section 64b (5) and 64b (7) as well, and therefore is to be avoided. As was said in Emerson v. Castor, supra, the Bankruptcy Act is remedial, should be interpreted reasonably, according to the fair import of its terms, and technicalities should not be indulged in, wherever a liberal procedure is

consistent with the substantial rights of the parties in interest.

An order will be signed, granting the petition; none of the claims hereby declared preferred to be allowed in excess of $600, the limit provided in section 64b (5) of the Bankruptcy Act.