## BEAKLEY v. LIND.

### No. 8492.

Court of Civil Appeals of Texas. San Antonio.
Nov. 12, 1930.

Denman, Franklin & Denman, of San Antonio, for appellant.

Mason Maney, of Pearsall, and Walter Stout, of San Antonio, for appellee.

COBBS, J.

This suit was instituted by appellee against appellant to recover, on an alleged verbal contract, the sum of $420 on account of the conversion of certain crops upon which appellee claimed what he called a laborer's lien. Appellant answered with plea in abatement, denial of agency, general demurrer, special exceptions, general denial, and special denials.

This is an appeal from the county court of Frio county. The cause was tried by a jury and a verdict and judgment rendered for appellee, with foreclosure of the alleged lien, etc.

The sole question involved in this case is as to the proper construction of article 5483 of the Revised Statutes, in respect to liens given, among others, to "common laborers and likewise to farm hands." This article closes with the provision that the lien herein given to a farm hand shall be subordinate to the landlord's lien provided by law.

The affidavit for lien states: "On the first day of October, 1928, the said Lucian Lind entered into the employ of one Francis E. McCarty, then of Frio County, Texas, and then in charge and control of certain premises and irrigated farms belonging to H. N. Beakley, situated about two miles west of the town of Dilley on the northwest side of the highway, under a verbal contract with the said McCarty made by and through one W. K. Young, then the agent of the said McCarty, and duly authorized to make said contract, and with the approval of said McCarty; and thereafter continuously until the first day of January, A. D. 1929, served under such contract for the said McCarty as manager and director and laborer on said irrigated farm, performing services such as preparation of the land for irrigation, location of trenches, pumping of water from wells, planting of seed, irrigation of said fields, cultivation of said farm, both personally and directing, and among other things done, this affiant, Lucian Lind, planted on said farm about five acres of mustard, six acres of spinach, five acres of carrots, two acres of turnips and three acres of cabbage, and these things of value were and are necessarily connected with the performance of such service and labor; and there was produced on said farm a fair crop of the vegetables named above. That for his services in the performance of his contract, the said

Lind was to receive the sum of $150.00 per month and 1/10 of the gross sales of the said crops named above. That the said affiant did fully perform his part of said contract, and worked and labored on said farm during all of the months of October, November and December, A. D. 1928, and there was due him and is due him under his said contract the sum of $150.00 for each month, making a total of $450.00, and owned a 1/10 interest in said crops, and a 1/10 of the gross sales thereof."

Then follow averments of the transfer of said crop by McCarty to Beakley on January 1, 1929, and the following: "That one copy of this account is being presented to the said Francis E. McCarty and one copy to the said H. N. Beakley, and the original is being recorded as prescribed by law, in order to fix such lien as may be allowed by law upon any and all of the above described property, and to fix the liability of the said Francis E. McCarty and the said H. N. Beakley to the said Lucian Lind, and a summary of the above account is further set forth herein as follows."

The lien is given to a number of different classes, to wit, "common laborers," and then to "farm hands." A clear distinction is here made in that a "common laborer" is not to be classed as a "farm hand," nor a "farm hand" as a "laborer." This statute was enacted for the protection of a great number of so-called laborers. So also for farm hands.

■■ We do not think appellee comes under the distinct class of a farm hand. He performed work that farm hands do not usually perform, as well as he did work of a common laborer, that is, one who works with his hands. Really, it is very doubtful whether to class appellee as a "common laborer" or not. Certainly he was not to be classed as a "farm hand" as we understand the term. The proof establishes the fact that appellee performed some labor by his hands, and therefore we shall, for the purpose of this decision, class him a laborer, though in that connection he performed some executive work in contradistinction to mere labor.

Words and Phrases, Second Series, Vol. 2, page 1320: "The word 'labor,' in legal parlance, has a well-defined, understood, and accepted meaning. It implies continued exertion of the more onerous and inferior kind, usually and chiefly consisting in the protracted exertion of muscular force. 'Labor may be business, but it is not necessarily so, and business is not always labor. In legal significance labor implies toil; exertion producing weariness; manual exertion of a toilsome nature.'"

As said by Mr. Justice Hodges in the case of Lindale Brick Co. v. Smith, 54 Tex. Civ. App. 297, 118 S. W. 568, 571: "Unless we adopt the rule that an employee should be graded according to the lowest instead of the highest service he may have contracted to perform, and this without regard of the principal undertaking, there is no foundation whatever for the conclusion that Smith was a 'common laborer,' within the meaning of the statute. If, then, he is properly classed as a manager or superintendent, why should he be allowed a lien for all or any part of the compensation for his services?"

Article 5483 of the Revised Civil Statutes creates a "first lien upon all products, machinery, tools, fixtures, appurtenances, goods, wares, merchandise, chattels, wagons, carts, tram roads, railroads, rolling stock, and appurtenances, or thing or things of value of whatsoever character that may be created in whole or in part by the labor or that may be used by such person or persons or necessarily connected with the performance of such labor or service. * * * "

Clearly, as seen from appellee's affidavit, he served under the contract "as manager and director and laborer on said irrigated farm, performing services such as the preparation of the land for irrigation, location of trenches, pumping water from wells, planting of seed, irrigation of said fields, cultivation of said farm, both personally and directing."

In our opinion he does not come within the purview of this statute "as one who labors with his hands for wages," nor is he under the class of a farm hand.

We think the court erred in its judgment against appellant, and we do hereby reverse it and render judgment that appellee take nothing by this suit, and that appellant recover all costs against appellee.