## YOUNG v. MONTGOMERY COUNTY

[No. 229, September Term, 1957.]

*Decided April 23, 1958.*

342

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

G. Gregg Everngam and James F. Tomes, with whom were Everngam & Tomes on the brief, for the appellant.

Rourke J. Sheehan, Assistant County Attorney, with whom was Charles M. Irelan, County Attorney for Montgomery County, on the brief, for the appellee.

PER CURIAM.

Appellant lives in a dwelling in Montgomery County in a residential zone restricted to one-family homes. A "family" is defined in the zoning regulations (Montgomery County Code (1955), Sec. 107-2(56)) as: "An individual, or two or more persons related by blood or marriage, or a group of not more than five persons, excluding servants, not related by blood or marriage, living together as a single housekeeping group in a dwelling unit."

Appellant employs a number of lumberjacks and regularly has boarded from five to eighteen of them in his home. He contends that the word "servant" in the regulations is to be construed as including employees, while Montgomery County says that the word means only domestic servants. The lower court agreed with the County and issued an injunction accordingly. Considering the setting and the purposes of the regulation, and the consequences that the broader meaning would permit, we agree with the County and the court that the word "servant" was used in its original and primary meaning. Tyrie v. Baltimore County, 215 Md. 135. "The first sort of servants, therefore, acknowledged by the laws of England, are menial servants; so called from being intra moenia, or domestics * * *." Blackstone's Commentaries, Lewis's Ed., Book I, Chap. 14, p. 425; Lewis v. Fisher, 80 Md. 139, 142. "Although the word 'servant' may be used in a statute without any qualifying phraseology, it will be con-

strued in a restricted sense if the subject-matter and purpose of the enactment indicate that only one particular class of servants is within the contemplation of the legislature." *Labatt's Master & Servant,* Second Ed., Chap. 1, Sec. 7. The sense was restricted to domestic servants in *Yewens v. Noakes,* L. R. 6 Q. B. Div. (C. A.) 530, 538; and *Park Ave. Methodist Episcopal Church v. Barrett,* 30 N. Y. S. 2d 667 (motions for reargument and for leave to appeal denied, 37 N. Y. S. 2d 443).

*Decree affirmed, with costs.*