## CLARK & McCULLOH vs. JULIUS C. RENNINGER AND LEWIS KAMP, TRUSTEES.

*Employee and Furnisher of Raw Material Under Local Code, Art. 16, Sec. 145—Contractor for Work not an Employee.*

Local Code, Art. 16, sec. 145, &c., provides that if any miner or manufacturer, &c., in Garrett County shall fail for thirty days to pay debts due to persons in their employ, or to furnishers of raw material,

then a receiver may be appointed, &c. The contract between defendants, manufacturers, and plaintiff, provided that plaintiff should cut the growing timber on defendants' land and peel the bark, and defendants agreed to pay for the lumber and bark according to measurement. *Held*, that plaintiff was not a person in defendants' employ within the purview of the Act, but a contractor performing a given work, and that plaintiff was not a furnisher of raw material since the lumber and bark belonged to the defendant.

Appeal from a decree of the Ciruit Court for Garrett County (SLOAN, J.) The contract between Clark & Mc-Culloh of the first part and Beeghly of the second part, provided that the former gave to the latter " a job of logging and peeling bark," and that " it is agreed that the party of the second part cuts all the merchantable timber of every kind that will make an eight-inch log, and peels all the hemlock and rock-oak bark, peeling the same from the entire tree. The logs are to be cut in such lengths and bills as the party of the first part may from time to time direct. All hemlock and soft-wood logs shall be delivered afloat in the creek, and all hard-wood logs to the tram road on skids, unless otherwise directed by the party of the first part. All skidways shall be made on a level with the bolsters of trucks used on the tram road, and so that there will be a level or down grade roll to load said logs. It is agreed that the party of the second part shall use care in cutting said logs, so as to get the largest possible amount of merchantable lumber from the timber. The party of the first part shall furnish bills to the party of the second part so that he may cut the timber clean when he goes over the ground. It is agreed that the party of the second party shall go anywhere on said grounds to get such bill stuff as is necessary to fill any orders that the party of the first part may direct. It is agreed that the grounds are to be roaded by the party of the second part, and the bark piled to said roads ; said bark to be delivered along the tram road within proper distance and in convenient places for reloading on trucks. It is agreed that all bark is to be peeled during the bark season of 1896, and to be delivered to the line of the

tram road as fast as the bark is in a marketable condition after being peeled. The party of the second part agrees to cut the timber from the line of the tram road before the road is completed, and to remove said logs and tops out of the way of the tram road. It is agreed that the party of the second part shall remove all logs and tops and brush that would interfere with the driving of logs from the bed of the creek. It is further agreed that the party of the first part furnish the dam to the party of the second part free of charge to splash logs out of the way.

" It is agreed that as this work progresses, as heretofore stated, the party of the first part pay or cause to be paid to the party of the second part, the sum of one dollar and seventy-five cents ($1.75) for each and every thousand feet of hemlock, and two dollars and fifty cents ($2.50) for each and every thousand feet of hard wood. All logs to be scaled in the woods by a competent scaler and the expenses of scaling to be paid jointly, and if either party can prove that the scaler is doing partial work he shall be discharged and another obtained. These logs to be scaled by Scribner's rule with Doyle's addition, and this to be the basis of settlement for logs. It is agreed that for each and every ton or cord of hemlock bark, the party of the second part shall receive the sum of one dollar and seventy-five cents, and for rock-oak bark, the sum of two dollars and fifty cents ($2.50) for each and every ton or cord, and shipping weights or measurements at destination to be the basis of settlement."

After the institution of the suit Beeghly executed to the appellees a deed of trust for the benefit of his creditors.

The cause was argued before McSHERRY, C. J., BRISCOE, PAGE, ROBERTS, PEARCE and SCHMUCKER, JJ.

*Gilmor S. Hamill* and *Robert H. Gordon,* for the appellants.

*Julius C. Renninger* (with whom was *Thomas J. Peddicord* on the brief), for the appellees.

BRISCOE, J., delivered the opinion of the Court.

This is a proceeding, under the Act of 1878, ch. 108, codified as Art. 12, sections 145 to 149, Code of Public Local Laws, known as the Manufacturers' and Miners' Law of Garrett County. The 145th section of this Act provides : " If any individual engaged in mining or manufacturing in said county, or any association or body corporate engaged in any business whatever therein shall for the space of thirty days be indebted to the persons in their employ, or to furnishers of any raw material, in the aggregate sum of twenty-five dollars and shall neglect or refuse to pay the same for the space of thirty days, the Circuit Court for said county, as a Court of Equity, or the Judge thereof in vacation, shall, upon the petition of the employees or furnishers of raw material or any number of them, appoint a receiver to take charge of the affairs of such individual, association or body corporate, with a view to their liquidation and settlement."

On the 15th of October, 1896, John J. Beeghly, a citizen of Garrett County, filed a petition in the Circuit Court of that county, wherein it is stated that he was in the employ of, and a furnisher of raw materials for the defendants, Clark and McCulloh, manufacturers of lumber and tan bark in Garrett County ; that they were indebted to him in a sum aggregating more than two thousand dollars, and have been so indebted for more than thirty days and prayed for the appointment of a receiver under the provisions of the Act. On the 17th of October a receiver was appointed and qualified. Subsequently, on the 20th of October, the defendants filed an answer denying the allegations of the petition, and alleging " that the plaintiff was not an employee or a furnisher of raw material, within the meaning of the Act, for the reason that he was distinctly a contractor, and was to receive a certain contract price upon the performance on his part of the terms of the agreement ; that he was not a furnisher of raw material because the timber from the land

which he was cutting belonged to the defendants and not the contractor."

By an agreement between the parties, the receiver was discharged, the case referred to the auditor, to take testimony and to make a report. And from an order of the Court ratifying certain audits, this appeal has been taken.

In the view we take of the case, it will not be necessary for us to decide all the questions raised on the appeal. If the Circuit Court for Garrett County had no jurisdiction under the local statute to entertain this case, then the order or decree will have to be reversed and the plaintiff's petition dismissed. The Act of 1878, ch. 108, applies in express terms "to persons in their employ or to furnishers of any raw material." There can be no question that the plaintiff does not come within that part of the Act which relates to furnishers of raw material, because it appears from the contract, that the material to be furnished belonged to the defendants, and unless he was an employee or a "person in their employ," he cannot claim the benefit of the Act.

It will be seen by the contract between the parties, that the defendants, who were engaged in the manufacture of lumber and tan bark in Garrett County, agreed to furnish from their farm certain timber to the plaintiff who was to cut the merchantable timber, peel the bark and deliver the same within a certain time to the defendants.

It was agreed " that there should be a settlement at the end of each month, and that 75 per cent. of balance due at said settlement shall be paid on the 20th of the following, and the remainder retained until it shall be ($500) five hundred dollars as a forfeiture for the satisfactory completion of the job; when job is completed said forfeiture to be paid in full."

Such being the contract, we are of opinion that the plaintiff was a contractor, and not an employee, or "a person in their employ" within the meaning of the Act of 1878, ch. 108. Who are to be included within the term employees, is a subject which has recently been passed upon by this

and other Courts.   In *Lewis* v. *Fisher*, 80 Md. 139, it was held, that an attorney at law, under the insolvent law was not an employee within the meaning of that statute, and was not entitled to claim priority for the payment of his fees for professional services.   In *Casualty Ins. Company's case*, 82 Md. 566, it was said an insurance adjuster was not an employee within the terms of the statute.   In *Vane* v. *Newcombe*, 132 U. S. 233, the Supreme Court says : " It seems clear to us that   *   *   was a contractor with the company and not an employee.   We think the distinction pointed out by the Circuit Court is a sound one, namely, that to be an employee within the meaning of the statute, Vane must have been a servant, bound in some degree at least to the duties of a servant and not, as he was, a mere contractor, bound only to produce or cause to be produced a certain result—a result of labor, to be sure, but free to dispose of his own time and personal efforts according to his pleasure, without responsibility to the other party." In *Louisville Railroad Company* v. *Wilson*, 138 U. S. 505, it is said that the terms " officers and employees " both alike refer to those in regular and continual service. Within the ordinary acceptation of the terms, one who is engaged to render service in a particular transaction is neither an officer nor an employee.   They imply continuity of service and exclude those employed for a special and single transaction.   An attorney of an individual retained for a single· suit, is not his employee.   It is true he was engaged to render services; but his engagement is rather that of a contractor than that of an employee.

In *Todd* v. *Kentucky Union R. Co.*, 52 Fed. Rep. 241, contractors were distinctly held not to be employees.   *18 L. R. Annotated, 305.*

It is clear, we think, that the statute in this case did not mean to include contractors in the language, "persons in their employ."   And strength is given to this conclusion by an examination of the Act originally passed for Allegany County, when Garrett was a part thereof, which con-

tained the word, " contractors." *Act of 1847, ch. 228.*
But by the subsequent legislation, the word contractors,
is omitted from both the Act of 1878, ch. 108, and Art.
12 of the Code Public Local Laws, secs. 145 to 149.

The case of *Hicks and Dickey* v. *Consolidation Coal
Company,* 77 Md. 91, relied on by the appellees, cannot
control the decision of this case. We said in that case,
that " ore, clay and coal," could be included under the head
of " furnishers of *any raw* material," because " the subse-
quent legislation had used general terms which compre-
hend them."

For the reasons we have given the decree of the Circuit
Court for Garrett County, dated the 18th of May, 1898,
will be reversed and the plaintiff's petition dismissed, with
costs in both Courts.

> *Decree reversed and petition dismissed
> with costs.*

(Decided March 14th, 1899).