STEPHEN H. CLARK, administrator, *vs.* NEW ENGLAND TELE-PHONE AND TELEGRAPH COMPANY.

Bristol.     October 28, 1918. — January 3, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Law of the Case. Practice, Civil,* New trial. *Corporation,* Fund for injured employees, Officers and agents. *Evidence,* Of bad faith.

Where a case comes before this court for a second time the decision of this court at the previous stage of the case is the law of the case and is not open to question upon any of the points of law then passed upon.

Where in an action at law a verdict was returned for the plaintiff and exceptions, alleged by the defendant, were sustained by a decision of this court, in order to entitle the plaintiff to go to the jury at a new trial of the case upon the same issues he must produce evidence which, if it had been presented at the former

trial in addition to the evidence then produced, would have required this court to make a different decision.

In an action against a corporation, by the administrator of the estate of a deceased injured employee who also was his alleged dependent, upon a contract of the defendant to indemnify its employees or the dependents of those killed for injury or death sustained in the course of their employment out of a fund established and maintained by the defendant for that purpose, it appeared, at a first trial, that the committee empowered to administer the fund was composed of the five heads of departments of the defendant and that all of them were the defendant's employees and were fellow employees of the plaintiff's intestate, and that this committee decided against the plaintiff's claim, because they found in good faith that he was not dependent upon the earnings of the deceased, and it was held on these facts by this court that the plaintiff was not entitled to recover. At a new trial, it appeared that of the committee of five one had been a director and another the secretary of the defendant but that neither of them held a corporate office at the time their decision was made, that when their decision was made three of them held stock in a corporation which owned a controlling interest in the stock of the defendant and that one of these also held shares of stock in the defendant itself, and that the names of the five persons, heads of departments of the defendant, who constituted the committee, were placed in the defendant's telephone directory under the heading "Officers." *Held* that these additional facts which appeared at the new trial did not show that the members of the committee were not employees of the company and fellow employees of the plaintiff's intestate and did not show that the committee was constituted unlawfully, that its members were parties in interest or that they acted in bad faith, and consequently that the plaintiff was not entitled to go to the jury at the new trial.

CONTRACT, by amendment from an action of tort, by the administrator of the estate of Harry W. Clark, late of the town of Fairhaven, the plaintiff being alleged to have been in his individual capacity dependent upon the earnings of his intestate for support, upon a contract of the defendant to indemnify its employees and the dependents of those killed for injury or death sustained in the course of their employment out of a fund established and maintained by the defendant for that purpose, the plaintiff's intestate having died as the result of an injury received on May 7, 1913, when he was in the employ of the defendant. Writ dated May 6, 1914.

In the Superior Court the case first was tried before *Sanderson,* J. The jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which were sustained by a decision of this court reported in 229 Mass. 1.

There was a new trial before *Hammond,* J., at which the additional evidence was presented that is described in the opinion.

At the close of the plaintiff's evidence the judge, upon a motion of the defendant, ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*C. R. Cummings,* (*J. W. Nugent* with him,) for the plaintiff.

*J. N. Clark,* for the defendant.

PIERCE, J. At the former hearing before this court, *Clark v. New England Telephone & Telegraph Co.* 229 Mass. 1, upon the evidence then presented, it was adjudicated that "The obligation to make payments out of the fund was confined to such as were ordered by the committee;" that "The committee is made the *quasi* arbitrator as to all claims against the fund;" that "So far as that plan is executed in good faith, no sound reason appears why its terms should not govern the rights of the parties;" that "The fund was established exclusively for the benefit of its employees;" that "To place its administration concerning payments to be made from it wholly in their hands cannot be said as matter of law to have been improper or contrary to public policy;" that there could be no recovery "if the committee made no order for payment to the plaintiff because they found in good faith that he was not dependent upon the earnings of the deceased;" and that it was not "evidence of bad faith or dishonesty" that the committee relied on the report of its investigator and made its decision without notice to, or a hearing of, the parties.

The conclusiveness of that decision is not open to attack. It is the law of the case. The plaintiff to get to a jury upon a new trial involving these issues must produce for their consideration evidence which, had it been produced at the former trial in addition to that offered, would have necessitated a different conclusion by this court. *Taylor v. Pierce Brothers, Ltd.* 220 Mass. 254. *Arnold v. Maxwell,* 230 Mass. 441, 445.

At the former trial it appeared that the committee referred to was composed of five heads of departments of the defendant, all its employees and fellow employees with the deceased. At the new trial in addition it appeared that the committee was appointed in November, 1912, and that its membership remained the same during the year 1913; that of the five members one was a director and one was the secretary of the defendant when appointed, but that both had ceased to hold their corporate offices before the accident and neither of them held corporate office when the

decision of the committee was made; that of the five members in 1913, when the decision was rendered, three held respectively ten, fourteen and six shares of stock in the American Telephone and Telegraph Company, which corporation then owned fifty-three per cent of the shares of stock of the defendant corporation; and that one of those members held eight shares of stock in the defendant company. It also was shown that after May 5, 1913, the defendant advertised in the telephone directory under the heading "Directors" the names of its directors, and under the heading "Officers" the names and titles of persons holding the usual and customary corporate offices, namely, the president, vice president, general manager, treasurer, assistant treasurer, general auditor and secretary; then followed the names and titles of the five persons, heads of departments, who by the evidence are shown to have constituted the committee.

We do not think the heads of departments are not employees of the company, and fellow employees of the deceased, because of ownership of stock in the employer company or because they are advertised as "Officers" in a book of general reference issued by the company. It is established law in this Commonwealth that the corporate entity is distinct from that of its shareholders, and that at common law all persons in the service of a corporation are fellow employees, whatever be the grade of their employment.

Nor do we think that, under the plan governing the creation, maintenance and distribution of the fund to beneficiaries who "may elect to accept such benefits or to prosecute such claims as he or they may have at law against the company," the board of directors could not legally appoint to serve upon that committee an employee who held shares of stock in the defendant company. *Brocklehurst & Potter Co.* v. *Marsch,* 225 Mass. 3, 8. *Marsch* v. *Southern New England Railroad,* 230 Mass. 483.

It follows that the plaintiff has failed upon all the evidence produced at both trials to prove that the committee was illegally constituted, that it was a party in interest, or that it acted in bad faith.

<em>Exceptions overruled.</em>