ROBERT W. FISHER, Appellant, v. CITY OF MECHANIC-
VILLE, Respondent.

Contract — village officers — when attorney employed by
village at annual salary an employee of the village and not a
public officer thereof — when entitled to compensation
although all officers of village discharged when it became
incorporated as a city.

Where an act incorporating a village contained a list of village
officers in which the village attorney was not named, but the act
provided that it should be the duty of the board of trustees and it
should have the power and authority " to appoint annually an attorney
and pay such attorney a reasonable annual salary," and the board
appointed plaintiff such attorney and at the same time fixed his
salary at a certain sum for a year, plaintiff was an employee of the
village and not a public officer. He is, therefore, entitled to com-
pensation for the year, no fault being found with his services, not-
withstanding that a few months after his appointment as village
attorney the village was incorporated as a city, the act of incor-
poration providing that all debts of the former village should be
debts of the city, the plaintiff having been discharged on the theory
that he held a public office in the village, which terminated on the
organization of the city.

Fisher v. City of Mechanicville, 172 App. Div. 426, reversed.

(Argued November 15, 1918; decided January 7, 1919.)

APPEAL from an order of the Appellate Division of
the Supreme Court in the third judicial department,
entered June 1, 1916, reversing a judgment in favor of
plaintiff entered upon a decision of the Saratoga County
Court at a Trial Term, a jury having been waived, and
granting a new trial.

The complaint alleged that on' or about the 16th day
of March, 1915, the village of Mechanicville entered into
a contract with the plaintiff wherein and whereby the
plaintiff agreed to render legal services to said corporation

for the period of one year from that date, and for which services so to be rendered by him said corporation agreed to pay to the plaintiff the sum of seven hundred and fifty dollars; that the plaintiff thereupon entered upon the performance of said contract and well and faithfully performed all of the services by the provisions of said contract by him to be performed, and continued in such performance until the 23d day of July, 1915, upon which said date and without any cause whatever the defendant wrongfully discharged the plaintiff from said contract and wrongfully refused to accept the services so contracted for.    The plaintiff then alleged the filing of a claim under the provisions of the charter and the rejection of the same by the defendant, and demanded judgment for the amount of the salary which he would have earned if permitted to perform.

The action was defended upon the ground that plaintiff was an officer of the former village of Mechanicville, as such was legislated out of office, and that whatever the relationship which existed between plaintiff and the said village, the same was terminated upon the erection of the city of Mechanicville, pursuant to its charter (L. 1915, ch. 170).

Further facts, are stated in the opinion.

*Robert W. Fisher,* appellant, in person.    The plaintiff was not an officer of the village of Mechanicville.    (*Snider v. Emerson,* 19 Utah, 319; *Collins v. Mayor, etc.,* 3 Hun, 680; *Quintard v. City of New York,* 51 App. Div. 233; *Sweeney v. Mayor, etc.,* 5 Daly, 274; 58 N. Y. 625; *Myers v. Mayor, etc.,* 69 Hun, 291; *Wardlaw v. City of New York,* 19 N. Y. Supp. 6; *Olmstead v. City of New York,* 10 J. & S. 481; *Fire Dept. v. Atlas S. S. Co.,* 106 N. Y. 566; *People v. Dillon,* 41 App. Div. 458; *Shanley v. City of Brooklyn,* 30 Hun, 396.)    The facts show the existence of a contract of employment by the terms of

which the plaintiff was entitled to serve one year and was to receive therefor the sum of $750. (*Harvard Publishing Co.* v. *Syndicate Publishing Co.*, 94 Fed. Rep. 754; *Dougherty* v. *Briggs*, 231 Penn. St. 68; *McDougald* v. *Hulet*, 132 Cal. 154; *Boyd* v. *Miller*, 22 Tex. Civ. App. 165; *Allen* v. *City of New York*, 120 App. Div. 539; *Matter of Village of Kenmore*, 59 Misc. Rep. 388; *Bell* v. *City of New York*, 46 App. Div. 195; *Allen* v. *City of New York*, 120 App. Div. 539; *Chase* v. *City of Lowell*, 7 Gray, 33; *Caverly* v. *City of Lowell*, 1 Allen, 289; *Allen* v. *McKeen*, 1 Sumner, 276.)

*Edward C. McGinity* for respondent. The legislature terminated the appointment of appellant by the board of trustees of the village of Mechanicville on the 16th day of March, 1915, by the passage of chapter 170 of the Laws of 1915, which went into effect April 2, 1915, and became operative upon the approval of the electors of the village of Mechanicville at a special election held May 12, 1915 (Ch. 170, § 110). Appellant was an officer of the village of Mechanicville, and the position held by him was a public office. (*Bell* v. *Mayor, etc.*, 105 N. Y. 139; *People ex rel. Henry* v. *Nostrum*, 46 N. Y. 375; *United States* v. *Maurice*, 2 Brock. 96; *Matter of Path*, 20 Johns. 493; *Rowland* v. *Mayor, etc.*, 83 N. Y. 372; *Shelby* v. *Alcorn*, 72 Am. Dec. 169; *Hampton* v. *Logan County*, 4 Idaho, 646; *Chicago* v. *Edwards*, 58 Ill. 252; *People* v. *Hurlburt*, 24 Mich. 14; *Gray* v. *Granger*, 17 R. I. 201.) The appellant being an officer of the village of Mechanicville, his office terminated upon the organization of the government of respondent. (*Crook* v. *People*, 106 Ill. 237; *People* v. *Feitner*, 30 App. Div. 241; 156 N. Y. 694; McQuillan Mun. Corp. 1072, § 494; *Hoboken* v. *Gear*, 27 N. J. L. 265.) As a public officer or as a public appointee appellant cannot recover for services not performed. (*Connors* v. *City of New York*,

5 N. Y. 285; *Smith* v. *City of New York*, 37 N. Y. 518; *Abrams* v. *Horton*, 18 App. Div. 208; *Mack* v. *Mayor, etc.*, 37 Misc. Rep. 370; 82 App. Div. 637; *Connelly* v. *Kingston*, 32 Misc. Rep. 489; *Higgins* v. *Mayor, etc.*, 131 N. Y. 128; *Howard* v. *Daley*, 61 N. Y. 362; *Terhune* v. *Mayor, etc.*, 88 N. Y. 247; *Dolan* v. *Mayor, etc.*, 68 N. Y. 278; *People ex rel.* v. *Miller*, 2 Mich. 459.)   If the proceedings of the board of trustees of March 16, 1915, in appointing appellant are such ·as would constitute a contract binding upon the municipality for any period of time, such a contract is void as to duration after the taking effect of chapter 170 of the Laws of 1915.   (*Emert* v. *Delong*, 12 Kans. 67; *Miliken* v.. *Edgar Co.*, 242 Ill. 528; *Connelly* v. *Kingston*, 32 Misc. Rep. 489; *Manley* v. *High,* 29 L. R. A. N. S. 652; *Richmond County Gas Light Co.* v. *Middletown*, 59 N. Y. 228; *People* v. *Public Service Commission*, 153 App. Div. 129; *Gushee* v. *City of New York*, 42 App. Div. 37; *Britton* v. *Mayor*, 21 How. Pr. 251.)

Cuddeback, J.   On March 16, 1915, the plaintiff, Fisher, was duly appointed village attorney by the board of trustees of the village of Mechanicville.

On June 29, 1915, the defendant, the city of Mechanicville, was incorporated with the same boundaries and inhabitants as the village of Mechanicville which it thus supplanted.   (L. 1915, ch. 170.)

On the incorporation of the city, the plaintiff was discharged as village attorney on the theory that he held a public office in the village which terminated on the organization of the city.

The act incorporating the village of Mechanicville (L. 1891, ch. 106, as amended) provided with regard to a village attorney:

" It shall be the duty of the board and it shall have the power and authority   *   *   *

" 6. To appoint annually an attorney and pay such attorney a reasonable annual salary."

At the same time that the plaintiff was appointed his salary was fixed at the sum of $750 a year.

The act incorporating the village contains a list of village officers and the village attorney is not named therein. No provision is made in the act requiring the village attorney to take an oath of office. Neither is there any provision specifying the duties which the village attorney shall perform, and the fact is found that he does not perform any governmental duties.

I think, therefore, that the plaintiff as village attorney was not a public officer but rather that he was an employee of the village.

Upon any reasonable interpretation of the act incorporating the village, it must be said that it authorized the appointment of a village attorney for a term of one year.

The court found that the village trustees and the plaintiff made a contract whereby the plaintiff agreed to render legal services to the corporation for the period of one year for the sum of $750; that the plaintiff stood ready and willing to perform his contract; and that no fault was found with his services. These facts are sufficient to distinguish the case from those on which the defendant relies.

In *Richmond County Gas-Light Co.* v. *Town of Middletown* (59 N. Y. 228), cited by the defendant, the statute authorized the board of town auditors to enter into a contract with the plaintiff for lighting the streets of the town with gas. The board entered into a contract for five years. In the following year, 1866, the act authorizing the contract was repealed. This court held that the board of town auditors had no authority to make the contract for five years and when their power to contract was taken away by the repealing statute, the con-

tract came to an end. But here the village trustees in appointing an attorney for one year did not exceed their authority.

*Higgins* v. *Mayor, etc., of N. Y.* (131 N. Y. 128) and *Quintard* v. *City of New York* (51 App. Div. 233) are cases which hold that where an individual has a right to employment or a preference in employment by a municipality, but is not actually employed, he cannot recover compensation though perhaps he may have a cause of action for damages against the officer who keeps him out of employment. But those cases do not control where the claimant has been actually employed under a contract to run for a definite period. ·

It is apparent furthermore that the legislature did not intend on the organization of the city of Mechanicville to abrogate the contracts made by the former village. It is expressly provided in the act organizing the city that all debts of the former village shall be the debts of the city and that the city shall succeed to all rights as well as the obligations and liabilities of the village in respect thereto. (L. 1915, ch. 170, § 7.)

From all that has been said it follows that the plaintiff is entitled to recover his compensation from the defendant.

I recommend, therefore, that the judgment appealed from be reversed and that the judgment of the County Court be affirmed, with costs in this court and in the Appellate Division.

HISCOCK, Ch. J., CHASE, COLLIN, HOGAN, McLAUGHLIN and CRANE, JJ., concur.

Judgment accordingly.