STATE OF FLORIDA AND J. C. MCSWEEN AND T. V. ORR, *Appellants,* v. WALTON COUNTY, FLORIDA, BY AND THROUGH W. I. STINSON, G. M. BISHOP, W. M. INFINGER, R. L. JONES AND E. B. MITCHELL, AS AND CONSTITUTING ITS BOARD OF COUNTY COMMISSIONERS, *Appellees.*

En Banc.

Opinion Filed April 12, 1927.

1. The Board of County Commissioners of each County are constitutional officers and under the terms of the Constitution their powers and duties shall be fixed and prescribed by the Legislature. In pursuance of such authority the Legislature has defined the powers and duties of the Board of County Commissioners in and about issuing bonds to provide funds for the construction of county roads.

2. The plan and procedure provided under Sections 1531 to 1555, both inclusive, Revised General Statutes, 1920, was devised by the Legislature to be applied in instances where it becomes expedient to issue bonds for county purposes. The provisions contained in Sections 1634 to 1666, both inclusive, Revised General Statutes, 1920, were devised to provide a method by which citizens residing within any locality, the property within which would be benefitted in a manner or degree different from that in which other property not within the area would be benefitted, could procure the issuance of bonds for the purpose of producing money with which to improve the roads in that locality.

3. Where citizens within a county create a Special Road and Bridge District with the county as a unit and thereby compel the issuance of bonds to be a tax burden on the whole county under the plan devised to be followed to procure local improvements and in this way divest the Board of County Commissioners of that authority which was vested in such Board by the Legislature under authority and direction of the Constitution of the State of Florida, such procedure would result in depriving the Board of County Com-

missioners of the authority vested in it by the Legislature to exercise its judgment and discretion in determining whether or not it is expedient or to the best interest of such county to issue county bonds for the purpose of constructing paved, macadamized or other hard-surfaced highways.

4. The Board of County Commissioners are Constitutional Officers. Under the direction of the Constitution the Legislature has prescribed the powers and duties of the Board of County Commissioners. Among such powers and duties so prescribed by the Legislature is the power and duty of exercising the discretion to issue county bonds for the construction of roads and such Constitutional Officers can not lawfully be divested thereof, except by Legislative enactment.

5. A purpose of the statute authorizing Special Road and Bridge Districts to be formed in counties is to avoid unfair tax burdens upon persons and property so remote from roads constructed by general county taxation as to receive no advantage therefrom commensurate to their tax contributions for such purposes. In this view, the statute contemplates the formation of districts with some fair reference to the advantages accruing therefrom to the persons and property bearing the tax burdens assumed for the construction and maintenance of such roads and bridges. Of course, considerable latitude was contemplated and should be allowed in forming districts to meet the varying situations that may arise; but an arbitrary inclusion of large areas of territory in a district for purposes of special taxation, when such territory is very remote and perhaps disconnected from the location of roads on which the greater part of the bond money is to be expended, so as to unreasonably and arbitrarily impose taxes upon property and persons, is clearly a violation of the intent and purpose of the statute; and relief against such arbitrary action taken under the statute may be had in the courts by due course of procedure. Similar principles and limitations control action taken in locating roads, in the character of the roads constructed and in expenditures made under the statute.

6. The intent of the statute is the gist of the enactment and the material disregard of the statutory intent is a violation of the substance of the enactment.

An Appeal from the Circuit Court for Walton County; Thomas F. West, Judge.

Reversed.

*W. W. Flournoy,* for Appellants;

*D. Stuart Gillis,* for Appellees.

BUFORD, J.—In this case petition was filed in the Circuit Court of Walton County, Florida, praying validation of certain special road and bridge district bonds to be issued in that County. Demurrer was interposed by the appellants. The demurrer was overruled.

The record shows that an election was called and held pursuant to the provisions of Sections 1647 to 1666, both inclusive, Revised General Statutes of Florida, for the purpose of creating all the territory within the boundaries of Walton County into a Special Road and Bridge District and to authorize the issuance of bonds in the sum of One Million Dollars. The sum of $500,000.00, or as much thereof as may be necessary to build a road on State Highway specifications on survey to be made by the State Highway Department running north from DeFuniak Springs via Glendale to Alabama State line at or near Gaskin. A road to be built according to State Road Department specifications from Alabama State line south of Florala, Alabama, to and through DeFuniak Springs, Florida, thence via Freeport to Choctawhatchee Bay at or near Bay View, Florida.

A road to complete State Road No. 33 through Walton County from Okaloosa County line to Alabama State line to

connect with Alabama State Highway south of Florala, Alabama.

Five Hundred Thousand Dollars, or so much thereof as may be necessary, for the construction of a system of county roads hereinafter described to be distributed among the several County Commissioners' Districts as follows:

District No. 1, $140,000.00, or so much thereof as may be necessary.

District No. 2, $105,000.00, or so much thereof as may be necessary.

District No. 3, $44,000.00, or so much thereof as may be necessary.

District No. 4, $71,000.00, or so much thereof as may be necessary, north of Choctawhatchee Bay.

District No. 4, $40,000.00, or so much thereof as may be necessary, south of Choctawhatchee Bay.

District No. 5, $100,000.00, or so much thereof as may be necessary.

It will only be necessary for us to discuss one question of law raised by the demurrer and that is whether or not the provisions contained in Sections 1647 to 1666, both inclusive, Revised General Statutes of Florida, may be invoked to make the entire county a unit as one Special Road and Bridge District and thereby obviate the necessity of following the provisions of the statutes in this State authorizing the issuance of county bonds to provide funds for the construction of county roads, which provisions of the law are found in Sections 1531 to 1555, both inclusive, Revised General Statutes of Florida.

The reported cases which have come under our observation, and most of which are from the Supreme Court of Louisiana and the Supreme Court of Arkansas, turned upon constructions either of the respective States or of the statutes of the respective State which are unlike ours and

therefore are of little assistance in determining the issues here presented and we have been unable to find a case where this issue involving constitutional and statutory provisions like ours has been determined elsewhere and so it becomes necessary for us now to determine what construction shall be placed upon our constitutional and statutory provisions controlling this matter without the aid of case law in point.

Section 1, Article 8 of the Constitution provides:

"Immediately upon the ratification of this amendment the County Commissioners of the several counties of this State shall divide their respective counties into five commissioners' districts, to be numbered respectively from one to five, inclusive, and each district shall be as nearly as possible equal in proportion to population, and thereafter there shall be in each of such districts a county commissioner, who shall be elected by the qualified electors of said county at the time and place of voting for other county officers, and shall hold his office for two years. The powers, duties and compensation of such county commissioners shall be prescribed by law."

Therefore, the Board of County Commissioners of each county are constitutional officers and under the terms of the Constitution their powers and duties shall be fixed and prescribed by the Legislature. In pursuance of such authority the Legislature has defined the powers and duties of the Board of County Commissioners in and about issuing bonds to provide funds for the construction of county roads.

Section 1531, Revised General Statutes, provides as follows:

"Purposes for Which County Bonds May Issue.—Whenever the Board of County Commissioners of any County shall deem it expedient, or to the best interests of such county, to issue the county bonds of their county, for the purpose of constructing paved, macadamized or other hard-

surfaced highways, or erecting a court house or jail, or other public buildings, and funding the outstanding indebtedness of the county, or for any of such purposes, they shall determine by resolution to be entered in their records, what amount of bonds is required for such purpose, the rate of interest to be paid thereon, and the time when the principal and interest of such bonds shall be due and when payable.''

Section ·1634, Revised General Statutes, provides as follows:

''Each county shall constitute a road unit; all subdivisions of a county for road purposes shall be designated as road districts; all road districts levying a road district tax shall hereafter be designated as special tax road districts.''

It is clear that the plan and procedure provided under Section 1531 to 1555, both inclusive, *supra,* was devised by the Legislature to be applied in instances where it becomes expedient to issue bonds for county purposes. While the provisions contained in Sections 1634 to 1666, both inclusive, *supra,* were devised to provide a method by which citizens residing within any locality the property within which would be benefited in a manner or degree different from that in which other property not within the area would be benefited could procure the issuance of bonds for the purpose of producing money with which to improve the roads in that so benefited locality.

It is entirely clear from the record in this case that citizens within the county affected have attempted to create a Special Road and Bridge District of the County as a unit and thereby to compel the issuance of bonds to be a tax burden on the whole county under the plan devised to be followed to procure local improvements; and, too, in this way divest the Board of County Commissioners of that authority which was vested in such Board by the Legisla-

ture under authority and direction of the Constitution of the State of Florida. This would result in depriving the Board of County Commissioners of the authority vested by the Legislature to exercise its judgment and discretion in determining whether or not it is expedient or to the best interest of such county to issue the county bonds of their county for the purpose of constructing paved, macadamized or other hard-surfaced highways.

We must hold that the Board of County Commissioners are constitutional officers; that under the direction of the Constitution the Legislature has prescribed the powers and duties of the Board of County Commissioners; that among such powers and duties so prescribed by the Legislature is that power and duty of exercising the discretion just above mentioned and that such constitutional officers so vested in the exercise of such power can not lawfully be divested thereof, except by legislative enactment. State *ex rel.* Buford v. Fearnside *et al.,* 87 Fla. 349; 100 So. Rep. 256.

We must hold that the bonds sought to be issued in the instant case are to all intents and purposes county bonds and that the purpose for which the record shows that they are sought to be issued are county purposes and that the attempted creation of the whole county into a single Special Road and Bridge District for the purpose of issuing bonds under the method provided for the issuing of bonds for Special Road and Bridge Districts is unauthorized by the statutes; that the provisions of Sections 1634 to 1666, both inclusive, *supra,* were not intended by the Legislature to be used for the creation of all, or practically all, of any county into a Special Road and Bridge District whereby the purposes of Sections 1531 to 1555, both inclusive, *supra,* would be evaded.

In Willis v. Special Road and Bridge District No. 2, Osceola County, 73 Fla. 446, 74 Sou. 495, Mr. Justice

WHITFIELD, speaking for the Court, defined the purpose for which the statutes above referred to were enacted in the following language:

"A purpose of the statute authorizing Special Road and Bridge Districts to be formed in counties is to avoid unfair tax burdens upon persons and property so remote from roads constructed by general county taxation as to receive no advantage therefrom commensurate to their tax contributions for such purposes. In this view, the statute contemplates the formation of districts with some fair reference to the advantages accruing therefrom to the persons and property bearing the tax burdens assumed for the construction and maintenance of such roads and bridges. Of course, considerable latitude was contemplated and should be allowed in forming districts to meet the varying situations that may arise; but an arbitrary inclusion of large areas of territory in a district for purposes of special taxation, when such territory is very remote and perhaps disconnected from the location of roads on which the greater part of the bond money is to be expended, so as to unreasonably and arbitrarily impose taxes upon property and persons, is clearly a violation of the intent and purpose of the statute; and relief against such arbitrary action taken under the statute may be had in the courts by due course of procedure. Similar principles and limitations control action taken in locating roads, in the character of the roads constructed and in expenditures made under the statute."

In the same case, it is said:

"The intent of the statute is the gist of the enactment and the material disregard of the statutory intent is a violation of the substance of the enactment," citing authorities.

Again, in that opinion, it is said:

"The petition suggests the territory to be included, the roads to be constructed and the funds to be raised; and

the territory included may designedly or otherwise contain a majority of electors to approve the proposal, leaving the minority remedyless if the courts do not redress wrongs that may result from an improper use made of the authority conferred by the statute to formulate districts and impose tax burdens. While the court will not interfere with the exercise of discretion within proper and reasonable bounds, yet where there is a clear misapprehension of authority conferred or an abuse of discretion or authority, relief may be obtained.''

The language used by Mr. Justice Whitfield in that case is so applicable to the instant case as to make us wonder whether or not the writer foresaw just such a contingency as has been presented here and sought then to give warning that such procedure could not be approved by this Court.

The order validating the bond issue should be reversed and it is so ordered.

Reversed.

ELLIS, C. J., AND WHITFIELD, STRUM AND BROWN, J. J., concur.

TERRELL, J., dissents.