### BLAIR, Commissioner of Internal Revenue, v. BYERS.

Circuit Court of Appeals, Eighth Circuit. October 9, 1929.

No. 8374.

Helen R. Carloss, Sp. Asst. Atty. Gen. (Mabel Walker Willebrandt, Asst. Atty. Gen., Sewall Key, Sp. Asst. Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Shelby S. Faulkner, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for appellant.

C. L. Byers, of San Diego, Cal., for appellee.

Before KENYON and VAN VALKENBURGH, Circuit Judges, and OTIS, District Judge.

VAN VALKENBURGH, Circuit Judge. The Commissioner of Internal Revenue added to the gross income, for the years 1920 to 1923, of Howard Webster Byers, now deceased, amounts received by him as attorney and counselor for the board of waterworks trustees of the city of Des Moines, Iowa, whereby there resulted deficiencies in income taxes for such years in the sum of $758.27. Byers appealed from the finding of the Commissioner to the Board of Tax Appeals, which, upon hearing, concluded that the petitioner became and continued to be an employee of a political subdivision of the state of Iowa, and, therefore, that the compensation which he received for services rendered to the board of waterworks trustees of the city of Des Moines is exempt from income taxes. It was therefore ordered and adjudged that, upon redetermination, there was no deficiency for the years 1920 to 1923. From this order of redetermination the government prosecutes this appeal.

The Board of Tax Appeals made the following findings of fact upon which its opinion was based:

"Under the provisions of acts of the legislature of the State of Iowa and ordinances of the City of Des Moines, there was created and established in the City of Des Moines in the latter part of the year 1919, a Board of Waterworks Trustees, and pursuant to state and municipal legislation the said Board acquired a plant for the purpose of furnishing water for the use of people of Des Moines and the said plant and its equipment thereupon became a municipally owned property.

"During all the times herein mentioned the petitioner was a lawyer engaged in the practice of his profession in the City of Des Moines.

"On March 10, 1920, the Board of Waterworks Trustees, at a regular session, adopted a resolution as follows:

"On motion of Mr. Wilchinski; seconded by Mr. Worth, it was resolved that Mr. H. W. Byers, Counsel for the City, be and is hereby retained as the Legal Counsel for the Board of Waterworks Trustees, at a compensation of $2,500.00 for the year beginning April 1, 1920; it being understood that the compensation will be allowed on the same basis for the month of March, 1920. The motion was unanimously adopted.

"The petitioner accepted the arrangement provided for by such resolution and during the years 1920 to 1923, inclusive, received compensation as follows:

For the year 1920.............................. $2,674 65
For the year 1921..............................  2,500 00
For the year 1922..............................  2,500 00
For the year 1923..............................  2,083 30

"The petitioner, acting under advice and in confident belief that the compensation thus received by him was exempt from income tax, omitted these amounts from his individual income-tax returns for the several years. The Commissioner added these respective amounts to petitioner's income for each of the years claimed and thus produced the deficiencies complained of."

█ Clearly the government is not prohibited from taxing the instrumentalities of a state, or a political subdivision of a state, when these are employed in the exercise of a proprietary function. The Supreme Court, in South Carolina v. United States, 199 U. S. 437, 26 S. Ct. 110, 116, 59 L. Ed. 261, 4 Ann. Cas. 737, held that: "The exemption of state agencies and instrumentalities from national taxation is limited to those which are of a strictly governmental character, and does not extend to those which are used by the state in the carrying on an ordinary private business."

In Flint v. Stone Tracy Co., 220 U. S. 107, 157, 172, 31 S. Ct. 342, 351, 357, 55 L. Ed. 389, Ann. Cas. 1912B, 1312, it is said that: "It is no part of the essential governmental functions of a state to provide means of transportation, supply artificial light, water, and the like."

And: "The cases unite in exempting from Federal taxation the means and instrumentalities employed in carrying on the governmental operations of the state. The exercise of such rights as the establishment of a judiciary, the employment of officers to administer and execute the laws, and similar governmental functions, cannot be taxed by the Federal government."

█ From these holdings it would appear that the building and operation of a waterworks system by municipalities constitutes the exercise of a proprietary, rather than a governmental, function.

In City of Winona v. Botzet, 169 F. 321, 333, 23 L. R. A. (N. S.) 204, this court decided that: "The power of a city to construct and operate waterworks is not a political or governmental, but a private or corporate, power, granted and exercised, not to enable it to control its people, but to authorize it to furnish to itself and to its inhabitants water for their private advantage."

█ In Miller Grocery Co. v. City of Des Moines, 195 Iowa, 1310, 192 N. W. 306, 28 A. L. R. 815, the Supreme Court of Iowa, with respect to the waterworks system here concerned, recognizes the distinction between proprietary and governmental functions in the operation of municipally owned waterworks systems. In our judgment, the distinction which must control the determination of this case is thus stated by the Supreme Court in Metcalf & Eddy v. Mitchell, Administratrix, 269 U. S. 515, 46 S. Ct. 172, 175, 70 L. Ed. 384: "One who is not an officer or employee of a State does not establish exemption from federal income tax merely by showing that his income was received as compensation for service rendered under a contract with the State, when it does not appear that the tax impairs in any substantial manner his ability to discharge his obligations to the State or the ability of the State or its subdivisions to procure the services of private individuals to aid them in their undertakings."

In Panhandle Oil Co. v. Knox, 277 U. S. 218, 48 S. Ct. 451, 72 L. Ed. 857, 56 A. L. R. 583, it was held: "A state tax imposed on dealers in gasoline for the privilege of selling, and measured at so many cents per gallon of gasoline sold, is void un-

der the Federal Constitution as applied to sales to instrumentalities of the United States, such as the Coast Guard Fleet and a Veterans' Hospital."

The ruling, however, was limited to a case where the legal effect is to burden and tax the United States and to exact tribute on its transactions for the support of the state. The doctrine announced in Metcalf & Eddy v. Mitchell, supra, was in no wise impaired. ▮ It remains then only to determine whether the attorney in this case was an independent contractor, or an employee of such character as to entitle the remuneration received by him, as such, to exemption from income taxes, and in such determination, as we interpret our power to review the decisions of the Board of Tax Appeals, we are confined to its findings of fact. In those findings it is stated that during all the times therein mentioned the petitioner was a lawyer engaged in the practice of his profession in the city of Des Moines, Iowa. We think this is sufficient to establish that he was free to engage, and was engaged, in other business for other clients; that he was a free professional agent as to the nature of his services and the advice that he would give. Nowhere in the record is it revealed to what extent, if at all, his services were subject to the control of the board of trustees. Furthermore, we are of opinion that an attorney who is engaged in this manner, who has not contracted to give to such a client his entire and exclusive services, does not thereby become an officer or employee in the sense of this statute. It is our judgment that Mr. Byers did not become such an employee of this political subdivision of the state of Iowa, and that the compensation which he received for services was therefore not exempt from income taxes.

It follows, therefore, that the judgment of the United States Board of Tax Appeals must be reversed.