## UNITED STATES v. BUTLER.

### No. 5876.

Circuit Court of Appeals, Fifth Circuit.

April 17, 1931.

W. P. Hughes, U. S. Atty., of Jacksonville, Fla., Raymond F. Brown, Sp. Atty., Bureau of Internal Revenue, of Miami, Fla., and Eugene E. Angevine, Bureau of Internal Revenue, of Washington, D. C., for the United States.

J. Turner Butler and J. Robert Sherrod, both of Washington, D. C., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

Appellee sued to recover income taxes amounting to about $2,000, which had been assessed on compensation received by him as attorney for Duval county, Fla., for the years 1919, 1920, 1921, and 1922, paid under protest. From an adverse judgment the United States appeals.

The findings of fact of the District Court are not objected to. The following material facts appear from the record: Appellee was employed February 4, 1919, by the board of commissioners of Duval county, Fla., to represent it as its legal advisor. His term was to run as long as his services were satis-

factory, and it extended through the year 1922, until the then board went out of office. His salary was fixed by resolutions of the board and covered compensation for attendance at all meetings of the board, preparation of resolutions and contracts, legal advice, and services in litigated matters of an ordinary nature. He was carried on the pay roll of the board and was paid his salary monthly. In addition he was allowed extra compensation for services in connection with certain litigated cases and bond issues. During the entire period of his employment he was continuously under the direction and control of the board. He frequently advised with and received instruction from them. He was employed to represent the county in all matters of a legal nature and was expected, without express orders from the board, to represent and defend the county in all such matters. He was not employed in each particular instance. He maintained his private law office but devoted 75 per cent. of his time to attending to his duties as attorney for the board, which he did not allow his private practice to interfere with.

This case is identical as to its facts with the case presented in Blair v. Mathews, 29 F.(2d) 892, in which we held in favor of the taxpayer. However, the government relies upon the leading case of Metcalf & Eddy v. Mitchell, 269 U. S. 514, 46 S. Ct. 172, 70 L. Ed. 384, and subsequent decisions, applying the principles announced in that case to various other combinations of facts.

We may assume that under the ruling in the Metcalf & Eddy Case that appellee was not an officer, as his position was not created by express statute, he did not take an oath, and his tenure of office, emoluments, and duties were not fixed by law. We may also pass without decision the question as to whether the tax upon his compensation was an interference with the governmental functions of the board of commissioners. The question therefore presented for decision is whether appellee was an employee of a political subdivision of a state and whether as such his compensation was exempt from taxation, under the provisions of section 1211 of the Revenue Act of 1926 (26 USCA § 1065 b), and similar taxing statutes. The decision of this question depends upon whether the facts in the case at bar are so similar to those appearing in the Metcalf & Eddy Case as to require a reversal.

In the Metcalf & Eddy Case it was held that they were independent contractors and not either officers or employees. The opinion does not review the facts in detail but the following clearly appears: Metcalf and Eddy were consulting engineers. They were employed by various subdivisions of different states under contracts for their services in connection with particular projects. None of their engagements was for work of a continuous character. Their compensation was fixed by their contracts for each separate project. They were at liberty to engage in other concurrent employment. They were expected to use their judgment and skill in doing their work and were not subject to the control of the subdivisions employing them.

Except that appellee was required to use his judgment and skill as a lawyer in serving the board, there is no similarity between his employment and that of Metcalf and Eddy. Unlike Metcalf and Eddy, he was continuously employed by one political subdivision to render any and all legal services that might be required. The board of commissioners had first call upon his services and the right to demand and use all his time. He was not at liberty to take other employment if his services were required by the board. That he indulged to some extent in private practice is immaterial. It is quite usual for attorneys occupying a public position to engage in private practice if time and opportunity permit. It is also immaterial that he was allowed extra fees for certain services. That was merely a method of measuring his compensation.

The government also relies upon the case of Howard v. Commissioner (C. C.) 29 F. (2d) 895, reversed on the authority of Metcalf & Eddy v. Mitchell, 269 U. S. 526, 46 S. Ct. 172, 70 L. Ed. 384. In that case we did not consider whether Howard was an officer or an employee of a political subdivision of the state of Texas. He had been employed in four separate suits by cities in Texas, and we held that in representing them he was exercising governmental functions as their agent which were in no sense remote. That case may be differentiated the same as the Metcalf & Eddy Case.

The conclusion reached on the facts in this case is that appellee was an employee of a political subdivision of the state of Florida within the meaning of the statute and his compensation as such was exempt from federal income taxes.

Affirmed.

HUTCHESON, Circuit Judge (concurring).

That appellee was an employee of Duval county as to the regular routine work cov-

ered by and performed under the resolution of the board of county commissioners fixing the salary of the county attorney, and that his regular monthly compensation for the duties of such employment was exempt from taxation as moneys received as such employee, I think there can be no doubt.

In law the word "employee" is chameleon-like; it takes color and meaning not only from the words with which it is associated, but from the subject-matter with which the statute or order in which it is found is concerned. 15 Cyc. 1032, 1033; Campfield v. Lang (C. C.) 25 F. 128; Millers' Indemnity Underwriters v. Cook (Tex. Civ. App.) 229 S. W. 598; Gay v. Hudson River (C. C.) 178 F. 499, 500; Gurney v. Atl. Ry. Co., 58 N. Y. 358; Latta v. Lonsdale (C. C. A.) 107 F. 585, 52 L. R. A. 479.

While it is true that it is most often used of those employed in less important positions in contradistinction to officers, managers, superintendents etc., it is also true that where the purpose of the statute under investigation requires it, it has a fuller and broader meaning, and will include persons employed in practically every grade, so that the nature of the work performed is no longer a distinguishing mark of an employee. Shields v. Grace, 91 Or. 187, 179 P. 265, 270; Smith v. Bowersock, 95 Kan. 96, 147 P. 1118, 1121; Clark v. New England Tel. Co., 231 Mass. 546, 121 N. E. 497; Burnap v. U. S., 252 U. S. 518, 40 S. Ct. 374, 64 L. Ed. 692.

For at common law, and unless controlled by the context, the subject-matter or the purpose of the statute, whether one who works or performs service for another is an employee is not determined by the rank or importance of the position which he holds, or the character of service rendered, and the term many include attorneys, physicians, etc., whether privately or publicly employed. Gurney v. Atlantic Ry. Co., 58 N. Y. 358; Cyc. 15, p. 1032–1033; Fisher v. City of Mechanicville, 225 N. Y. 210, 121 N. E. 764, 765 (attorney employed by a village on a small yearly salary).

Nor does the question whether one is an employee or a contractor depend upon the nature of the work performed, or the character of the person performing it; rather it is determined by the conditions under which the work is performed; that is, whether it has regularity and continuity, and is performed under the control and direction, though general, of the employer. If the employment is for a single act, or for a series of isolated acts the employment being specific as to each act, the person employed, whether an attorney in legal matters or a layman in others, is not an employee, but an independent contractor. Hand v. Cook, 29 Nev. 518, 92 P. 3; Clark v. Renninger, 89 Md. 66, 42 A. 928, 44 L. R. A. 413; Louisville, E. & St. L. R. Co. v. Wilson, 138 U. S. 505, 11 S. Ct. 405, 407, 34 L. Ed. 1023.

Perhaps the best statement of the distinction is found in the Wilson Case, supra, where it is said: "The terms 'officers' and 'employees' both alike refer to those in regular and continual service. Within the ordinary acceptation of the terms, one who is engaged to render service in a particular transaction is neither an officer nor an employee. They imply continuity of service, and exclude those employed for a special and single transaction."

The facts established and found in this case are that appellee was both regularly and continuously employed, and that this work was performed by him under the general direction and control of his employer, the board of county commissioners. Vane v. Newcombe, 132 U. S. 233, 10 S. Ct. 60, 33 L. Ed. 310; R. R. v. Wilson, 138 U. S. 505, 11 S. Ct. 405, 34 L. Ed. 1023.

There is some insistence by the government upon the authority of Blair v. Byers (C. C. A.) 35 F.(2d) 326, Kreipke v. Commissioner (C. C. A.) 32 F.(2d) 594, 596, and Burnet v. McDonough (8 C. C. A.) 46 F.(2d) 944, that since appellee was employed as an attorney to do work in which he was specially skilled, and in regard to the manner and method of the performance of which he must have been left to his own devices, and because his full time was not taken up by the county employment, and continuing his private office he was allowed to and did have other clients, it must be held that he was not an employee, because not a full-time one, and because not subject to direction and control as to the details of the work to be performed.

Upon the first point I think it plain that since nowhere in the statute authorizing the deduction of compensation received as an employee of the state or its subdivisions is there any requirement that an employee shall give his full time, that whether he gives his full time or not has no legal and little evidentiary significance as a test. But if it has any, appellee has satisfied it here, for he was obligated to the county to give all the time necessary to accomplish the tasks which they required of him, and could take

no other business except in spare time, and he did in fact give 75% of his time to the county. Maryland Casualty Co. v. Kent (Tex. Com. App.) 3 S.W.(2d) 414; R. R. Co. v. Hanning, 15 Wall. 656, 21 L. Ed. 220.

Upon the second point, the test of control, it is perfectly plain that it is satisfied in the matter of the services of a professional character rendered by lawyers and physicians, by a general employment to perform the work of the state or county as it comes up in the way and manner which the professional skill of the employee dictates to him; and that if the test of control as applied to the employment of professional men having particular skill, like lawyers, demands more than that control which is implied from the relation of employer and employee created by a contract of employment for regular and continuing services on a monthly salary, it must be rejected.

However, in this case, the test of control is satisfied in the strictest way by the stipulation and the findings that "during the entire period of employment plaintiff was continuously under the direction and control of the County Commissioners."

As to that part of the compensation paid appellee over and above his salary under the last paragraph of the resolution: "Said salary shall not cover representation in litigated cases nor work necessarily done in connection with the issuing of county bonds, payment for all such representation and work not covered by salary as above mentioned to be made at a reasonable price to be agreed upon between the Board of County Commissioners and its said attorney," I think the matter stands differently; that such payments were not received by appellee as an employee, but as an agent of the county; and that he is not entitled to deduct as an employee of the county the sums so received.

There is much to be said for the view expressed in the majority opinion that though these sums were not paid in a regular and continuous way, but accrued to him from isolated transactions having no sequential connection with each other, all of them flowed to him as a result and as part of his contract and status as employee. That they represented not sums paid upon individual and separate contracts, but upon the one contract of employment, and as part of the general compensation therein provided for, the only matters not fixed by that contract being not the employment, but the compensation for it, which was to be fixed and measured as the necessity for the rendition of

the services arose. That it is not essential to the relation of employee that payment be made on a regular basis. Maryland Casualty Co. v. Kent (Tex. Com. App.) 3 S.W. (2d) 414; R. R. Co. v. Hanning, 15 Wall. 649, 21 L. Ed. 220; Shannon v. Western Indem. Co. (Tex. Com. App.) 257 S. W. 522.

With the principle announced I fully agree, and it is only because I do not so interpret the contract that I find myself unable to agree to its application here. It seems to me that the contract had only the effect to exclude from the duties which plaintiff as an employee assumed those special matters referred to in it as excluded, and that these matters were made the subject of special agreements from time to time as they arose.

It does not follow, however, that the moneys so received were taxable. On the contrary, I think it perfectly plain that these sums are no more taxable than those received by him as employee, for they, just as the sums which he got by way of monthly salary, were paid to and received by him as an agency of the board of county commissioners for discharging for them their general duties imposed by the statutes of Florida, and taxation imposed upon sums so received would be "to affect a governmental agency in such manner as directly to interfere with the functions of government." Metcalf & Eddy v. Mitchell, 269 U. S. 514, 46 S. Ct. 172, 70 L. Ed. 384; Blair v. Mathews (C. C. A.) 29 F.(2d) 892, 894; Panhandle Oil Co. v. Mississippi, 277 U. S. 218, 48 S. Ct. 451, 72 L. Ed. 857, 56 A. L. R. 583.

The statutes of Florida in force at the time appellee was employed provided, section 2153, Compiled General Laws of Florida 1927, under "Powers and duties," that: "The board of county commissioners of each county shall have power, at any legal meeting, to elect one of their number chairman, and to make such orders concerning the care of and the improvement of the corporate property of the county as may be deemed expedient, and also * * * To represent the county in the prosecution and defense of all legal causes. * * * To issue bonds in their respective counties [etc.] * * * To perform all other acts and duties that may be authorized by law."

Under these statutes the Supreme Court of Florida has held: (1) That in the absence of fraud the county commissioners have wide discretion in exercising the authority conferred on them by statute, Bowden v. Ricker, 70 Fla. 154, 69 So. 694; (2) county

commissioners are constitutional officers, and their powers and duties have been fixed and prescribed by the Legislature, State v. Walton County, 93 Fla. 796, 112 So. 630. While in Keggin v. Hillsborough County, 71 Fla. 356, 71 So. 372, in a full and considered opinion the Supreme Court of Florida has declared: "A county is a political subdivision of the state. * * * It is not a corporation; * * * it is created for administrative purposes. * * * It is purely political in character; its functions are of a public nature, constituting the machinery and essential agency by and through which many of the powers of the state are exercised."

The county commissioners had under the laws of Florida power and authority to discharge either in person or through employees, and or agents, duties thus imposed, including those to which the last clause of the employment resolution had particular reference, "To represent the county in the prosecution and defense of all legal cases, to issue bonds in their respective counties," etc. They elected to discharge some of these duties in person, some through appellee, the county attorney, as an employee upon a regular monthly salary, and some through appellee, the county attorney, as an agent specially compensated in each matter as it arose. In each of these instances the duties were performed by one having an intimate, official, and functional relation to the county, and being in law and in fact an agency and instrumentality through which the county, a political subdivision of the state, performed its governmental powers.

It is generally acknowledged that just as the state may not subject the federal government indirectly to the burden of state taxation by laying a tax upon the business which it does with, or the moneys which it pays to, an agency selected by it for the exertion of its constitutional powers, McCulloch v. Maryland, 4 Wheat. 316, 4 L. Ed. 579; Panhandle Oil Co. v. Mississippi, 277 U. S. 219, 48 S. Ct. 451, 72 L. Ed. 857, 56 A. L. R. 583, the federal government may not, through the indirect means of an income tax upon moneys paid to an agent of its selection, tax a sovereign state, Metcalf & Eddy v. Mitchell, 269 U. S. 521, 46 S. Ct. 172, 70 L. Ed. 384, and cases cited.

Here agencies and activities not remote and detached from, but so connected with, in fact, so intimate to the very official life and being of the county, are in question as that to burden them with taxation is in effect to tax the state itself. Under these circumstanc-es, the effort to tax must fail, for the power to tax, which is the power to destroy, may be exercised neither by the state against the federal government, nor by the federal government against the state. Each as to the other is sovereign, and each has immunity from the other's taxing power.