In the Matter of MILTON PINKUS, Petitioner, against VILLAGE OF HEMPSTEAD et al., Respondents.

Supreme Court, Special Term, Nassau County, May 1, 1944.

*Milton Pinkus,* petitioner in person.

*Stephen Crane West* for respondents.

FROESSEL, J. This is a proceeding under article 78 of the Civil Practice Act for an order directing respondent trustees to reinstate petitioner in the position of Village Attorney of the Village of Hempstead, on the ground that he, as a veteran of the first World War, was entitled to the protection of the provisions of section 22 of the Civil Service Law.

Petitioner was " retained and employed as Village Attorney * * * for the official year commencing on the 5th day of April, 1943 " pursuant to a resolution adopted by the Board of Trustees on April 5, 1943, at a time when his position had not yet been classified within the exempt class. It was so classified by rule VII of the Rules of the Nassau County Civil Service Commission, effective July 1, 1943. At that time, the Village, under its resolution, had no option but to continue petitioner in office until the expiration of the official year for which he was retained, namely, on or about April 3, 1944. (*Fisher* v. *City of Mechanicville,* 225 N. Y. 210.) On the latter date, the Board of Trustees adopted a resolution by a vote of four to one retaining another person as Village Attorney in place and stead of petitioner.

I am of the opinion that the respondents' action was lawful. A village attorney is not a subordinate employee or a mere law clerk. He was retained here by the Board of Trustees, as authorized by subdivision 11 of section 89 of the Village Law, at an annual compensation, and for a fixed period of the official year. Other legal matters might be assigned to him for additional compensation. He maintained his own office and his own private law practice. The plain common sense of it is that the Village was simply another client. As an attorney, he remained an officer of the court, with all its privileges and obligations. As attorney for the village, the relationship of attorney and client was in no wise impaired. In addition to the usual obligations of such relationship, he is charged by statute with protecting the interests of the Village and representing it in various ways. (Village Law, §§ 316, 318-d, 321-o, 321-q, 321-r, 321-w, 321-ii, 321-jj, 341-d.)

In my judgment, the office of village attorney is an independent position as distinguished from one of a subordinate character. In *Matter of Mylod* v. *Graves* (274 N. Y. 381, 384) a transfer tax appraiser was held to be an independent official and not a subordinate employee, and as such was removable

from office without charges or a hearing even though a veteran of the World War. Chief Justice CRANE, writing for the court, said at page 383: " * * * The respondent claims that the former tests are no longer applicable since *Matter of Fornara* v. *Schroeder* (261 N. Y. 363), and that all veterans in any position are entitled to protection except ' the position of private secretary, cashier or deputy of any official or department.' All that the *Fornara* case decided was that subordinate employees were entitled to the protection as veterans even although put in the exempt class. Positions in the exempt class are included in the protection afforded by section 22 of the Civil Service Law.

" There is another exception which has been applied by the authorities to officials holding independent positions and not subordinate employees. Section 22 of the Civil Service Law was intended to apply only to those holding positions of a subordinate nature, and I do not find that this distinction or rule has been departed from in any of the recent cases." Such, I believe, is the situation here.

In the light of the foregoing views, the petition must be dismissed.