*1014 OPINION.
Black :
It is not the contention of the respondent that the Department of Banking of the State of Georgia is not an agency or instrumentality of the state engaged in an essential governmental function or that the compensation for personal services of its officers and employees is subject to Federal income tax. But the respondent-contends that petitioners were neither officers nor employees of the Department of Banking of the State of Georgia, but were independent contractors, and hence their compensation is not exempt from Federal taxation. In this contention we think respondent’s holding on the facts is correct.
Under the laws of Georgia, the superintendent of banking has supervisory power over all state banking institutions, and in cases of insolvency is authorized to take charge of such insolvent banks in the character of a quasi receiver, and liquidate the same under the supervision of the proper court. He is expressly empowered to. employ such agents and attorneys as may be necessary. Parks Code, supp. 1922-6, section 2268, provides as follows:
The Superintendent may employ such attorneys * * * as may be necessary in the liquidation and distribution of the assets of such bank.
The compensation of the attorneys, all expenses of liquidation and distribution of a bank whose assets and business shall be taken possession of by the Superintendent, shall be fixed by the Superintendent but subject to be approved by the judge of the Superior Court of the county in which the bank is located, on notice to the bank. When compensation shall have been so fixed and approved and the service rendered the same shall be paid out of the funds of such bank in the hands of the Superintendent and shall be a proper charge and lien on the assets of such bank.
Petitioners do not contend that they were officers of the State of Georgia, but do contend that they were employees of the state and that they were. “ instrumentalities ” of the state engaged in a governmental function and that their incomes derived from that source are exempt from tax.
Petitioners rely on section 1211 of the Revenue Act of 1926, which is as follows:
*1015 Any taxes imposed by the Revenue Act of 1924 or prior Revenue Acts upon any individual in respect of amounts received by him as compensation for personal services as an officer or employee of any State or political subdivision thereof (except to the extent that such compensation is paid by the United States Government directly or indirectly), shall, subject to the statutory period of limitations properly applicable thereto, be abated, credited, or refunded.
No hard and fast rule can be laid down defining employees of a state or a political subdivision thereof. The question has been frequently passed on by this Board and by the courts, and each case must depend on its own facts. Many cases have been cited by counsel on both sides, which have been carefully considered, but it will serve no useful purpose to undertake to review them all. We think the facts of the instant case bring it within the rule laid down in Burnet v. McDonough, 46 Fed. (2d) 944; Burnet v. Jones, 50 Fed. (2d) 14; J. F. Roberts, 13 B. T. A. 438; aff'd., 44 Fed. (2d) 168; H. O. Underwood, 20 B. T. A. 1117; aff'd. on this point, 56 Fed. (2d) 67.
These cases hold on the facts that the taxpayer claiming the exemption was not entitled to it.because he was not an employee of the state or political subdivision thereof, but was an independent contractor.
Pétitioners urge, among other cases, in support of their contention, Burnet v. Livezey, 48 Fed. (2d) 159, and United States v. Butler, 49 Fed. (2d) 52. In the Livezey case the Governor of West Virginia appointed Livezey as counsel for the Public Service Commission of West Virginia, without specifying his term of office, but providing that his salary should be $5,000 a year payable monthly. In the Butler case, Butler was employed by the board of commissioners of Duval County, Florida, to represent it as its legal advisor. His salary was fixed by resolutions of the board and covered compensation for attendance at all meetings of the board, preparation of resolutions and contracts, and legal advice and services in litigated matters of an ordinary nature. He was carried on the pay roll of the board and was paid his salary monthly. On the facts in both of the foregoing cases the court held that the taxpayer was an employee of the state.
In United States v. Butler, supra, Judge Hutcheson, in a concurring opinion, gave an illuminating discussion of the distinction between an employee and an independent contractor, in which he said:
Nor does the question whether one is an employee or a contractor depend upon the nature of the work performed, or the character of the person performing it; rather it is determined by the conditions under which the work is performed; that is, whether it has regularity and continuity, and is performed under the control and direction, though general,' of the employer. If the employment is for a single act, or for a series of isolated acts the employ- • ment being specific as to each act, the person employed, whether an attorney m legal matters or a lawman im others, is not am employee, but am independent *1016 contractor. Hang, v. Cook, 29 Nev. 518, 92 P. 3; Clark v. Renninger, 89 Md. 66, 42 A. 928, 44 L. R. A. 413; Louisville, E. & St. L. R. Co. v. Wilson, 138 U. S. 505, 11 S. Ct. 405, 407, 34 L. Ed. 1023.
Perhaps the best statement of the distinction is found in the Wilson case, supra, where it is said: “ The terms ‘ officers ’ and ‘ employees ’ both alike refer to those in regular and continual service. Within the ordinary acceptation of the terms, one who is engaged to render service in a particular transaction is neither an officer nor an employee. They imply continuity of service, and exclude those employed for a special and single transaction.” [Italics supplied.]
In the instant case, the petitioners were employed for a series of isolated acts, the employment being specific as to each act. “ Each isolated act ” as above referred to was the legal work in connection with the liquidation of a particular insolvent bank. The compensation was to be not less than $100 nor more than $300 for each particular bank, and in addition to this they were to receive commissions for collections of the banks’ receivables — 5 per cent if collection was made without suit, 10 per cent if suit had to be brought, and 15 per cent if collection was made after appeal taken. These commissions, it seems to us, are not very different in character from those we had before us in J. F. Roberts, 13 B. T. A. 438; aff'd. 44 Fed. (2d) 168. In the Roberts case the petitioner had a contract with the tax commissioner of the State of Georgia and boards of commissioners of several counties of Georgia for the collection of delinquent state and county taxes on commission. The taxpayer claimed exemption on the commissions paid him and we denied it and were affirmed by the Circuit Court of Appeals for the Fifth Circuit.
We see no distinction in principle in that case and in the instant case. It is true that in the instant case the petitioners rendered services for the superintendent of banking of the State of Georgia other than those rendered in connection with insolvent banks and collecting the receivables due such insolvent banks, but for the other services they received no compensation. The contracts as evidenced by the letters show that fact. The compensation which they claim to be exempt is that which was paid them as retainers for looking after the legal work in connection with the liquidation of each particular insolvent bank and for making collections of paper due such banks. The only part of this which they claim to be exempt is that which remained after they had paid their assistant attorneys in office, office rent, and other office expenses.
But, for reasons which we have already stated, we hold that none of the income was exempt. Inasmuch as there is no issue relating to allowance of office expenses incurred in connection with the earning of the income, respondent having allowed all that petitioners p.T aim on that score, and the only issue is as to whether or not a certain part of the net income was exempt from taxation,

Decision will be entered for the respondent.